## WITTY *v.* ACTON.

*(Supreme Court, Special Term, New York County. January 14, 1890.)*

LANDLORD AND TENANT—REDEMPTION BY LESSEE.

    In an action by a landlord to remove his tenant, under Code Civil Proc. N. Y. § 2231, for non-payment of rent and taxes, possession was awarded to the landlord, and a warrant for possession issued. Section 2256 provides that where a tenant is removed for non-payment of rent, and the unexpired term of the lease has five years to run, the tenant may, within a year after the warrant is executed, pay or tender all rent in arrear and all costs, and shall be thereupon entitled to possession. *Held,* that section 2256 applies only to redemption for non-payment of rent, and does not entitle the tenant to resume possession on payment of the taxes.

Action by Mary T. Witty against Thomas C. Acton to recover possession of certain premises leased from defendant. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Code N. Y. § 2253, provides that the issuing of a warrant for the removal of a tenant cancels the agreement and annuls the relation of landlord and tenant. Section 2256 provides that where the proceeding for the removal of a tenant is founded on an allegation that the lessee holds over after a default in the payment of rent, and the unexpired term of the lease exceeds five years at the time when the warrant is issued, the lessee may at any time

within a year after the execution of the warrant pay or tender all rent in arrear, and all costs incurred, and shall thereupon be entitled to possession under the lease.

*John S. Smith*, for plaintiff.   *George Bliss*, for defendant.

INGRAHAM, J.  The complaint alleges the making of a lease of certain premises in the city of New York on the 31st of March, 1881, by defendant, Acton, to plaintiff, for a term of 21 years, whereby plaintiff was to pay certain rent in equal quarterly payments; and further promised and agreed to pay "all duties, taxes, and assessments" as should be imposed on said premises.   That plaintiff paid the rent until February 1, 1887, and that on the 9th of March, 1887, the agent of the defendant applied to one of the district courts of the city of New York to remove the plaintiff, and presented his petition claiming that there was due to him from the plaintiff the sum of $275, balance of rent from February 1 to May 1, 1887, and that the taxes levied on said premises for the years 1881, 1884, 1885, and 1886 had not been paid by the plaintiff.   That payment of said rent and taxes had been demanded of the plaintiff.   That such proceedings were had that on or about the 21st day of March, 1889, a final order was made by said district court awarding to the defendant the possession of the said premises, and that subsequently a warrant was issued by the justice of said district court for the removal of all persons from said demised premises, and to put the defendant, Acton, in possession thereof, which warrant was executed; and that subsequently plaintiff tendered to defendant, Acton, "all rent of said premises in arrear under said lease at the time of such tender, with interest thereon, as well as taxes theretofore levied upon said premises at the time of such tender remaining unpaid, and all costs and charges incurred by defendant, Acton;" and the complaint demands judgment for the possession of the premises, and damages for the detention thereof.   The proceedings for the removal of the plaintiff from the demised premises were taken under section 2231 of the Code.   This section provided for the removal of a tenant for five separate causes.   Subdivision 2 provides for the removal of a tenant when he holds over and continues in possession of the demised premises without the consent of his landlord, after a default in payment of certain rent; and subdivision 3, for such removal when in any city in this state the tenant holds over after default, for 60 days after the same shall be payable, in the payment of any taxes or assessments levied on such demised premises which he has agreed in writing to pay.   By section 2235 it is provided that the applicant must present to the judge or justice a written petition stating the facts which, according to the provisions of the Code, authorize the application by the petitioner, and the removal of the person in possession.   It is clear that the application set out in the complaint was founded on both the subdivisions of section 2231 of the Code above cited, for the petition states facts which authorize the removal of the plaintiff from the possession of the premises under either of such subdivisions.   If the defendant had failed to prove the allegations as to the rent, and did prove the allegations as to the taxes, there could be no doubt but that the justice would have been justified in issuing the warrant.

The warrant was issued, and thereupon the lease was canceled, and the relation of landlord and tenant was annulled, (Code, § 2253,) and thus plaintiff's interest in the premises, and her right to possession thereof, ended, and, on the facts alleged in the complaint, plaintiff has no cause of action unless she is entitled to the possession of the demised property under the provisions of section 2256 of the Code.   But I do not think that the terms of that section apply, for it is only where the special proceeding is founded upon an allegation that a lessee holds over after a default in the payment of the rent that the lessee may pay or tender all rent in arrear at the time of the payment or tender, and on a tender of the rent the tenant is allowed to resume posses-

sion of the premises. There is no provision for the tender of the amount due for taxes and assessments, and, if plaintiff is entitled to the benefit of the section, she has it on a tender of the rent due, and interest, and the costs and charges, without a tender of the amount due for taxes and assessments. As before stated, this proceeding was founded upon the non-payment of taxes, as well as upon the non-payment of the rent, and it was not, therefore, a proceeding "founded upon an allegation that a lessee holds over after a default in the payment of the rent." Two causes to justify the removal were set forth in the petition, either of which would justify the relief granted, and in such a case it cannot be said that the proceeding is founded on either one. That the legislature intended that the tenant should not be allowed to redeem when he had been removed for the non-payment of taxes and assessments is apparent from a comparison of section 2254 with the sections above cited. It is there provided that a tenant may secure a stay of the execution of the warrant on payment of the amount of the rent due, or of such taxes or assessments and interest and penalty, or by giving an undertaking as therein provided. This section was amended to bring it in harmony with the amendment to section 2231, and the failure of the legislature to amend section 2256 at the same time is clear evidence that it was not intended that the section should apply when the tenant was removed for the non-payment of taxes and assessments.

The plaintiff seeks to attack the constitutionality of the amendment to section 2231 of 1885. The right of the plaintiff to redeem is not at all affected by that amendment. The plaintiff has the same right to redeem now that she had before the passage of that act amending the Code. If the amendment authorizing the court to dispossess for non-payment of taxes was unconstitutional, that question should have been settled in the proceeding in which relief was asked because of such non-payment. By the issuance of the warrant in that proceeding it was adjudged that plaintiff was entitled to the relief granted, and it is now too late for plaintiff to claim that she could have successfully defended that proceeding. But it is clear that the act was not in conflict with any constitutional provision. It simply affected the remedy given to the landlord on a breach of the covenant in the lease. By the lease the landlord had a right of re-entry on breach of the covenant to pay taxes, etc. Whether he was to obtain that right of re-entry by an action of ejectment, or by proceedings under the provisions of the Code above cited, was a question within the control of the legislature. On the argument, counsel for the defendant expressly waived the point as to the sufficiency of the allegation as to the tender, and I have therefore considered the right of the plaintiff to the relief asked for; and having come to the conclusion that plaintiff cannot, on the facts pleaded, obtain possession of the premises, the complaint does not state facts sufficient to constitute a cause of action, and the demurrer must be sustained.