### BEACH v. McGOVERN.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

LANDLORD AND TENANT—SUMMARY PROCEEDING—ALLEGATION OF DEMAND.
     A petition in summary proceedings, which alleges that demand for rent was made by delivering the notice to a person in charge of the premises, without alleging that such person was of "suitable age and discretion," which is one of the essentials of valid service of notice under Code Civ. Proc. §§ 2231, 2240, is insufficient.

Appeal from special term.

Summary proceedings by Joseph L. Beach against Sarah F. McGovern to dispossess the latter as tenant. From a final order for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

P. A. Hargous, for appellant.
William F. Wyckoff, for respondent.

WOODWARD, J. The question presented upon this appeal is whether the petition presented to the municipal court of the Second district of the borough of Brooklyn stated the facts necessary to give jurisdiction in a summary proceeding for the dispossession of a tenant. The petition recites that the "rent has been demanded from said tenant by the service of a notice in writing on February 1, 1899, requiring the payment of said rent so due as aforesaid on or before February 6, 1899, or the possession of said premises; and which said notice was served upon the said tenant by delivering a copy of said notice at said No. 571 Park Place, the residence of said tenant, to a person in charge of said premises, said tenant being absent therefrom at the time, and at the same time exhibiting the original notice to said person," etc. The appellant urges that under the provisions of subdivision 2 of section 2231 of the Code of Civil Procedure it was necessary that this notice should have been served

in the precise manner pointed out by section 2240 of the Code of Civil
Procedure, that the statement contained in the petition does not
show to the court that it was so served, and that the court therefore
had no jurisdiction.  Section 2240 provides (subdivision 2) that:

"If the person, to whom the precept is directed, resides in the city or town
in which the property is situated, but is absent from his dwelling-house, service
may be made by delivering a copy thereof at his dwelling-house, to a person
of suitable age and discretion, who resides there; or, if no such person can,
with reasonable diligence, be found there, upon whom to make service, then
by delivering a copy of the precept, at the property sought to be recovered,
either to some person of suitable age and discretion residing there, or if no
such person can be found there, to any person of suitable age and discretion
employed there."

Section 2235 of the Code of Civil Procedure provides that the peti-
tion in matters of this character shall state the "facts which, accord-
ing to the provisions of this title, authorize the application by the
petitioner."  The facts necessary to be stated in this case were that
"a demand for the rent has been made, or at least three days' notice
in writing, requiring, in the alternative, the payment of the rent,
or the possession of the premises, has been served, in behalf of the
person entitled to the rent, upon the person owing it, as prescribed
in this title for the service of a precept."  Code Civ. Proc. § 2231,
subd. 2.  These facts are all set out.in the petition, with the excep-
tion that it is not stated that the service, in the absence of the ten-
ant, was made upon "a person of suitable age and discretion, who
resides there."  The petition says that the service was made by de-
livering a copy of the notice to "a person in charge of said premises,
said tenant being absent therefrom at the time."  A person might be
in charge of the premises, and yet not be of suitable age and dis-
cretion, nor yet a resident of such premises.  Neither is there any-
thing in the petition to show that the person who was served with
this notice was of "suitable age and discretion employed there."
This being a summary proceeding, it is necessary that the provi-
sions of the statute should be strictly followed.  It was necessary
that the court should be informed by the petition that the notice had
been served in the manner pointed out by the provisions of the Code
of Civil Procedure; and, this fact not appearing, the court failed
to gain jurisdiction, and the proceeding is fatally defective.  People
v. Keteltas, 12 Hun, 67.  The order appealed from should be re-
versed, being void for want of jurisdiction.

Order reversed, and proceedings dismissed, with costs.  All concur.