might be violated by aiding, countenancing, and abetting others in violation
thereof as well as doing it directly; and that courts would not look with
indulgence upon schemes, however skillfully devised, designed to thwart its
orders."

On the same subject, in Ketchum v. Edwards, 153 N. Y. 534–538,
47 N. E. 918, the court said:

"It is, of course, not subject to debate that the order of a court having
jurisdiction must be implicitly obeyed, however erroneous it may be, and
that it is no answer for one called upon to answer for disobedience that the
order or judgment was broader than the facts warranted, or gave relief
beyond what was demanded, or what the court, upon the facts, was justified
in awarding. The interest in maintaining respect for the action of courts
and of orderly jurisprudence forbids that litigants should be permitted, under
plea of hardship or injustice, real or pretended, to nullify or set at naught
orders or decrees, however improvidently made, even if it may seem certain
that the court acted, in granting them, under misapprehension or mistake."

Servants and agents who, with a knowledge of the injunction, aid
in its violation, and attorneys who advise its violation, are liable for
contempt, even though the order has not been served upon them.
King et al. v. Barnes, 113 N. Y. 476, 21 N. E. 182; People v. Sturte-
vant, 9 N. Y. 263, 277, 278, 59 Am. Dec. 536; Daly v. Amberg (Sup.)
13 N. Y. Supp. 379, affirmed 126 N. Y. 490, 27 N. E. 1038; Mayor v.
New York & Staten Island Ferry Co., supra.

The foregoing observations have no relation to the learned counsel
for the appellant who argued this cause before us. He was in no way
associated with the acts of the attorneys whose conduct we have criti-
cised and condemned.

It follows that the order should be affirmed, with $10 costs and dis-
bursements. All concur.

---

(40 Misc. Rep. 205.)

STUYVESANT REAL ESTATE CO. v. SHERMAN et al.

(Supreme Court, Appellate Term.    March, 1903.)

1. SUMMARY PROCEEDINGS—VERIFICATION.
    In summary proceedings by a domestic corporation to dispossess a
    tenant the verification may be made by an agent of the corporation; Code
    Civ. Proc. § 2235, providing that the petition must be verified in like
    manner as a complaint in an action in the Supreme Court, having refer-
    ence only to the form of the verification, and not to the party verifying it.
2. JURISDICTION—OBJECTIONS.
    The jurisdiction of the Municipal Court of the city of New York may
    be questioned for the first time on appeal to the Appellate Term of the
    Supreme Court.
3. SUMMARY PROCEEDINGS—PETITION—SUFFICIENCY.
    A petition in summary proceedings to dispossess a tenant in the Mu-
    nicipal Court is insufficient to give jurisdiction where it states that the
    tenant was served with a three-days notice to pay rent or yield posses-
    sion, "as prescribed in chapter 17, tit. 2, § 2240, of the Code of Civil Pro-
    cedure, for the service of a precept," where it fails to state which of
    three methods prescribed in such section was followed in making the
    service.

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Summary proceedings by the Stuyvesant Real Estate Company, on petition of Frederick E. Mygatt, agent, against Mary E. Sherman and others. From a judgment dismissing the proceedings, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Van Wyck, Mygatt & Burnham, for appellant.
Wentworth, Lowenstein & Stern, for respondent.

FREEDMAN, P. J. Upon the return day of the precept issued in this proceeding the attorney for the tenant made a motion to dismiss the landlord's petition herein on the ground that said petition was not verified by an officer of the company, which is a domestic corporation, as required under sections 2235 and 525 of the Code of Civil Procedure. This motion was granted, and from the order dismissing the proceeding this appeal is taken.

The petition in this case was made by one Frederick E. Mygatt, who alleges therein that "he is the agent of the Stuyvesant Real Estate Company; * * * that said company is a domestic corporation, and is the owner in fee and the landlord of the demised premises." This petition is verified by Mygatt in the usual form, and the claim is made that, because section 2235 of the Code of Civil Procedure provides that the petition in summary proceedings must be verified in "like manner as a verified complaint in an action brought in the Supreme Court," and section 525, subd. 1, of the Code of Civil Procedure, provides that, "where the party is a domestic corporation, the verification must be made by an officer thereof," that, the petition in this case not having been verified by an officer of the company, the court below had no jurisdiction; and this was the view taken by the trial judge. This claim is untenable. Section 525 has reference solely to pleadings in an action, and has no application to petitions in summary proceedings. The phrase, "a written petition verified in like manner as a verified complaint * * * in the Supreme Court," contained in section 2235, has reference only to the form of the verification, and not to the individual who verifies it. That section expressly authorizes the agent of the landlord to make the application (Powers v. De O, 64 App. Div. 373, 72 N. Y. Supp. 103), and provides that the applicant must present to the judge or justice a written petition verified in "like manner," etc., which means in like form as pleadings are verified. No other construction can reasonably be placed upon the language of that section. "Manner" means method of procedure; habit or custom. It follows, therefore, that the motion to dismiss on that ground should not have been granted.

The respondent raises another question, however, which, as it involves a question of jurisdiction of the court below, must be considered, although raised for the first time on appeal. The petition alleges that, after all the rent became due, "a three-days notice in writing, requiring in the alternative the payment of said rent or the possession of the said premises, was served in behalf of the said land-

lord, the person entitled to the said rent, upon the said tenant, the person owing it, as prescribed in chapter 17, tit. 2, § 2240, of the Code of Civil Procedure, for the service of a precept." There are three methods prescribed by section 2240 of the Code for the service of a precept. If the precept is served in a manner prescribed in either of the subdivisions of the section, it constitutes a service upon the tenant. The allegation of the petition is that the demand for rent was served upon the tenant. There is nothing in the petition to indicate in which of the three methods indicated the tenant was so served. This question has been passed upon in several cases, notably People ex rel. Morgan v. Keteltas, 12 Hun, 67; Tolman v. Heading, 11 App. Div. 264, 42 N. Y. Supp. 217; Boyd v. Milone, 24 Misc. Rep. 736, 53 N. Y. Supp. 785—in all of which the contention of the respondent has been upheld. In these proceedings the statute must be strictly followed to confer jurisdiction upon the court to entertain them. Beach v. McGovern, 41 App. Div. 381, 58 N. Y. Supp. 493. The order dismissing the proceeding must, therefore, be affirmed.

Order affirmed, with costs. All concur.