PEABODY et al. v. LONG ACRE SQUARE BLDG. CO.

(Supreme Court, Appellate Term. June 19, 1905.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—RENT DUE.

Where summary proceedings were based on both the nonpayment of rent and the nonpayment of taxes, and the nonpayment of rent was sufficiently proven, it sustains an order in favor of the landlord.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 1275, 1276.]

McCall, J., dissenting.

Appeal from Municipal Court, Burough of Manhattan, Tenth District.

Summary proceedings by Charles A. Peabody and others against the Long Acre Square Building Company to recover possession of certain rented premises. From a final order in favor of plaintiffs, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GIEGERICH and McCALL, JJ.

Herbert R. Limburger, for appellant.
Baker & Peabody, for respondents.

SCOTT, P. J. It is claimed by the tenant (appellant) that the petition was defective, in that it failed to allege that the three-days notice was served as required by law. It is true that in the body of the petition there is an omission to allege that the marshal at the time of service showed the original notice to the officer of the tenant upon whom the service was made, but the petition in terms refers to and "makes part of the petition" the original notice and proof of service, and that proof shows that the original notice was exhibited to the person served. This would seem to answer the objection, but, even if it did not, it is, in my opinion, too late to now take the point. The record shows that the tenant did not at any time make the objection in the court below; and, in my opinion, it must be deemed to have thereby submitted itself to the jurisdiction. Stuyvesant Real Estate Co. v. Sherman, 40 Misc. Rep. 205, 81 N. Y. Supp. 642. It is true that in the case above cited the court says that the question upon which the case was decided in this court, "as it involves a question of jurisdiction of the court

below, must be considered, although raised for the first time on ap-
peal." It appeared in that case, however, that the petition had been
dismissed upon another objection made by the tenant. The appel-
late court found this particular objection untenable, but, in passing
upon the propriety of the order of dismissal, found itself called upon
to examine every question not expressly waived below. As the ten-
ant had been successful below in his first objection, he had neither
reason nor opportunity to present any other, and therefore could
not be held to have waived one that he otherwise might have raised.
A summary proceeding does not differ in any essential particular
from any other civil action or proceeding, so far as concerns the
jurisdiction of the court to entertain it. The general rule in all
civil actions is that a party may stipulate away all his rights—ques-
tions of jurisdiction as well as others—and he may do this by ex-
press agreement, by acts inconsistent with the objection, or by his
silence and omission to present the proper points when he ought to
object. Cowenhoven v. Ball, 118 N. Y. 231, 23 N. E. 470; Vose v.
Cockcroft, 44 N. Y. 415. Not having spoken when he ought, he
will not be permitted to speak when he will. Johnson v. Oppen-
heim, 55 N. Y. 291. As was said in Cowenhoven v. Ball, supra:

"The distinction is clear between objections which are in the case and
arise upon the evidence, and are involved in the controversy between the par-
ties, and those which are to the proceedings, and not connected with the mat-
ters in issue, but are preliminary, and go only to the rights and power of the
court to hear the case. The former are meritorious, and are available to
the unsuccessful party on appeal, although they may not have been consid-
ered in the lower court. The latter are technical, and do not affect the mer-
its, and are deemed to have been waived if the party proceeds with the trial
or argument of the case without raising them."

Applying this rule to the case at bar, it seems quite clear that the
jurisdictional defect upon which the appellant now relies was one
which could be and was waived by the appearance and answer of
the defendant, and its proceeding to trial and judgment without
suggesting the defect in the service, or in the allegations of the pe-
tition respecting it. The tenant appeared on the return day and
obtained time to plead; the answer contained no plea to the juris-
diction; and at the trial, although several objections to the juris-
diction were raised by motion to dismiss, and were rightly over-
ruled, the particular objection now urged was at no time suggested.
If the tenant had desired to avail itself of the objection, it should
have been taken at the trial. If then overruled, the tenant, having
saved the point by proper exception, might safely have proceeded
with the trial. The objection would then have been available upon
an appeal from the final order. The answer contained a general
denial, and thus put the landlords to their proof; and here, also,
.they failed to show that the three-days notice was served in the
manner prescribed by statute, in that there was no evidence that the
original notice was exhibited to the officer of defendant on whom
service was attempted to be made. Here, again, however, the ten-
ant omitted to call attention to this defect in the proof, or to include
it among the reasons for dismissing the petition. We are bound to

assume that, if attention had been called to the omission, it would have been supplied, since the marshal's certificate, attached to the petition, and made a part thereof by reference, shows proper statutory service. It is too late for the tenant now to take advantage of the omission. In my opinion, the payment of the taxes after appearance and the filing of the answer was wholly insufficient to defeat the landlord's right to a final order, and evidence of such payment was inadmissible. No such issue was presented by the pleadings, and the only issues to be tried are those raised by the petition and answer. Section 2247, Code Civ. Proc. The landlord's right to a final order is to be determined by the result of such a trial. There is no provision of law authorizing the court to refuse a final order under such circumstances, and it is only the final order which is appealed from, and with which we now have to deal. Under section 2254, Code Civ. Proc., the issue of a warrant may be stayed, after a final order is made, by paying the taxes due and the costs of the proceeding; but this provision relates only to the issue of the warrant, and not to the granting of the final order. Doubtless the payment of the taxes before the granting of the final order, if supplemented by payment of the costs of the proceeding, may be availed of to stay the warrant, but not to prevent the adjudication in favor of the landlord upon the issues raised by the pleadings, and the grant of a final order thereon. In the present case, however, the proceeding was based upon both the nonpayment of rent and the nonpayment of taxes. The nonpayment of rent was sufficiently proven, and that alone is enough to sustain the final order, which should be affirmed, with costs.

Final order affirmed, with costs.

GIEGERICH, J., concurs in result.

McCALL, J. (dissenting). This is an appeal from a final order made in a summary proceeding. The lease under which the tenant was in possession called for a term of 20 years, beginning November 1, 1902, and it provided for the payment of an annual rental of about $15,000. The petition prayed for a final order to remove the tenant from the premises for nonpayment of taxes and default in payment of an installment of rent past due. The petition does not allege, nor is any claim made that a demand for rent was made as provided for in subdivision 1, § 2231, of the Code of Civil Procedure; but it does set out that a three-days notice in writing, calling for the alternative proposition of the payment of rent or possession of the premises, was served on the person owing it, and, upon the face of the petition, it is patent that this service was not made as required by law. The service of this notice must be made in the same manner as the service of a precept, as provided in section 2240 of the Code, and a strict compliance with the statute is absolutely necessary. Beach v. McGovern, 41 App. Div. 381, 58 N. Y. Supp. 493. The defect in this petition is a fatal one, because the fact of the demand in one of the ways prescribed by section 2240

is a jurisdictional fact, which the petitioner must establish in order to get his warrant, and it is not incumbent upon the tenant to show that he did not receive any such demand or notice. Tolman v. Heading, 11 App. Div. 264, 42 N. Y. Supp. 217.

Some suggestion is offered that by appearance the defendant waived the defect and subjected itself to the jurisdiction, but, in the face of this record, I cannot reason this out, or agree with any such conclusion. In the face of a direct motion to dismiss because of "jurisdictional defects contained in the petition," which motion was denied, I do not see what there remained to be done, unless that the tenant should abandon the case—an attitude he was not called upon to take. Baird v. Helfer (Sup.) 42 N. Y. Supp. 484. This aside from the fact that it has been distinctly held that a question involving the jurisdiction of the court below must be considered although raised for the first time on appeal. Stuyvesant Real Estate Co. v. Sherman, 40 Misc. Rep. 205, 81 N. Y. Supp. 642.

It follows, therefore, that the court was without jurisdiction, and the order was absolutely void. While this would render unnecessary any further review of the case, still there remains a feature that should be referred to, if only to emphasize the fact that these proceedings should be set aside. The petition, as has already been stated, prays for the removal of the tenant for nonpayment of taxes, as well as nonpayment of rent, and although proof of the payment of taxes was adduced, and leaves the fact that they were paid absolutely uncontradicted, and, still further, notwithstanding that the court's attention was called to the drastic effect of an order reciting the removal being made for nonpayment of taxes, still, all things to the contrary notwithstanding, the court entered just such an order, and issued a warrant of dispossess, which is executed upon the provisions of that order. How can we uphold such a proceeding? It is not a mere irregularity. Under section 2256 of the Code, where a tenant is dispossessed for nonpayment of rent a tenant would have the right of redemption; but, if a tenant be dispossessed for nonpayment of taxes, there would be no right of redemption. Witty v. Acton, 58 Hun, 552, 12 N. Y. Supp. 757. And in the case at bar stands a possessor of a leasehold estate having a term of 20 years to run, and deprived of that, with no right of redemption, and not a particle of proof upon which to base such a judgment. I cannot assent that a curative process for this wrong is to be found in any direction by the court for amendment of the order. The warrant has been executed, and it is altogether too questionable a remedy to subject the tenant to.

The order should be reversed, the warrant vacated, and restitution awarded, with costs.