L. R. A. 796, 96 Am. St. Rep. 605, which holds that, where a partner-ship has been dissolved by the death of one of its members, the firm name and good will are assets of the partnership, which must be ac-counted for to the representative of the deceased partner. That case is only an authority for the point that firm name and good will are partnership assets; not for respondent's main proposition.

Respondent claims that, since appellants have retained the proceeds of the race of 1900, and whatever profits were made in 1901 and 1902 were made out of the cash assets of the partnership so retained, he is entitled to his share of the proceeds of the investment of those assets. This would be true if it had been shown that appellants did in fact use the proceeds of the race of 1900 to carry on the races of 1901 and 1902, but this nowhere appears, and therefore respondent's claim fails, as the cases cited by him show. It does not appear that there was ever any amount carried over upon which, as capital, the business of the next meet was started. Privileges of various kinds were sold, and from the moneys thus received and on the credit of the enterprise the prelim-inary arrangements were met; the box receipts being the source to which all looked for compensation. The business being of this ephemeral character, no capital being embarked or employed, it seems to me that upon no principle of equity can the plaintiff rightly share in the profits of the two years in which he confessedly took no part in the business, in which the only money of his which by any hypothesis could be con-sidered as embarked in the transaction was the unascertained share of the profits theretofore made, and after his complaint he had asked a dissolution, and by the answer the defendants had notified him of a dissolution on their part of this partnership at will.

It seems to me, therefore, that the interlocutory judgment should be modified by striking out the provisions for an accounting, "and thereafter to the time of the entry of this judgment," and inserting in lieu thereof, after the words "for the year 1899," the words "and 1900," and that the order confirming the referee's report and the final judgment should be modified by confining the same to a confirmation of the report so far as it states the account for the years 1899 and 1900, and that judgment be directed in favor of the plaintiff for $1,220.38 for 1899 and $4,864.97 for 1900, with interest thereon, and, as so modi-fied, affirmed, without costs to any party. All concur.

(112 App. Div. 114)

PEABODY et al. v. LONG ACRE SQUARE BLDG. CO.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—JURISDICTION—PETITION—SUFFICIENCY.

In summary proceedings to recover possession of real property, a petition alleging that three days' notice in writing, requiring, in the alternative, the payment of rent or possession of the premises and the pay-ment of the taxes or the possession of such premises, was served on be-half of plaintiffs (lessors) on defendant (lessee), and that the service was made by delivering to and leaving with one ————————, the treasurer of defendant company, personally, a true copy of the notice, a copy of the certificate of the person serving the notice, and stating that the original

notice was shown to such treasurer at the time service was made, being annexed to the petition, was sufficient to confer jurisdiction of the proceedings on the Municipal Court.

2. APPEARANCE—OBJECTIONS TO JURISDICTION—WAIVER.

Where a trial in summary proceedings to recover possession of real property proceeded without objection being made by defendant to the jurisdiction of the court because of plaintiff's failure to serve sufficient notice requiring the payment of the rent or the surrender of the premises, such objection was waived.

3. APPEAL—RESERVATION OF OBJECTIONS—JURISDICTION.

Where the court is without jurisdiction of the subject-matter of the proceeding, the objection to jurisdiction may be taken on appeal in the first instance, or at any time.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1166.]

4. LANDLORD AND TENANT—SUMMARY PROCEEDINGS TO RECOVER POSSESSION—NOTICE OF DEMAND FOR RENT—SERVICE—SUFFICIENCY OF EVIDENCE.

Where, in summary proceedings to recover possession of real property, the treasurer of defendant testified that three days' notice and demand to pay the rent and taxes or move was served on him, that was sufficient as an admission that service was properly and duly made, and it was unnecessary for plaintiffs to prove every detail of the method of service.

5. SAME.

There being no motion to dismiss the petition on the ground of noncompliance with the statute in the service of the notice, the motion made being for dismissal of the petition on the ground that no demand was shown for rent or for taxes, such proof, under the circumstances, was sufficient.

6. SAME—FINAL ORDER OF DISPOSSESSION.

Under Code Civ. Proc. § 2247, providing that the issues joined by the petition and answer in summary proceedings to recover possession of real property must be tried by the judge or justice, where defendants, the lessees of the property involved in such proceeding, did not pay the taxes as required by their lease until after joinder of the issue, and the fact of such payment was not set up in their answer, or in any way communicated to plaintiff, there was sufficient foundation for a final order of dispossession issued for nonpayment of such taxes.

O'Brien, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Charles A. Peabody and others against the Long Acre Square Building Company. Appeal from determination of Appellate Term (94 N. Y. Supp. 507), affirming final order in summary proceedings. Affirmed.

The respondents instituted a summary proceeding to recover from the appellant the possession of real property, under the provisions of the Code of Civil Procedure relating to that subject. A petition was presented to a Municipal Court of the city of New York, in which was set forth, among other things, that "the trustees of Henry Astor" were the landlords of the premises described therein, and which by an agreement in writing, and on or about the 15th of October, 1902, they leased to one Milton L. Bouden as tenant for a term of 20 years from the 1st day of November, 1902, and that by the terms of the agreement Bouden undertook and promised to pay to the landlords as rent the sum of $15,200 per annum until the 1st of May, 1913, and thereafter, and during the remainder of the term, the sum of $16,340 per annum, payable in equal quarter-yearly payments on the 1st days of February, May, August, and November in each and every year of the term, and also to pay all

and every assessment or assessments, tax and taxes, whatsoever, as well extra-
ordinary as ordinary, which may be assessed, levied, or imposed upon the
premises, or any part thereof; that thereafter, and on or about the 5th of May,
1903, Bouden assigned the lease to the Long Acre Square Building Company,
a domestic corporation, which became and was at the time of the presentation
of the petition the tenant of the premises, and had entered into possession and
occupied the same under the terms and conditions of the agreement, and as
such tenant it duly attorned to the landlords; that on the 1st of May, 1904,
there was due to the landlords under and by virtue of the indenture of lease
the sum of $3,800, being the rent from the 1st of February, 1904, to the 1st of
May, 1904, and there was also remained due and unpaid for more than 60 days
after the same became due and payable the sum of $692.69 taxes for the year
1903, which had been duly imposed upon a portion of the premises. In the
petition it is then set forth that at least three days' notice in writing, re-
quiring, in the alternative, the payment of said rent or the possession of the
said premises, had been served on behalf of the landlords upon the Long Acre
Square Building Company, and that at least three days' notice in writing, re-
quiring, in the alternative, the payment of the tax or possession of the premi-
ses, had also been served by the landlords upon the Long Acre Square Build-
ing Company, and that such service was made upon that company on the 12th
day of May, 1904, at 3:15 o'clock p. m., by delivering to and leaving with
Henry M. Work, its treasurer, personally, a true copy of such notice; that
said notice in writing was annexed to the petition, together with due proof of
its service, with the certificate of the city marshal serving same, which an-
nexed notice and due proof of service was made a part of the petition. It is
also set forth that default was made in the payment of the rent and taxes
pursuant to the agreement under which the said premises were held, and
that the Long Acre Square Building Company held over and continued in the
possession of the premises without the permission of the said landlords,
after default in the payment of the rent and taxes, as aforesaid. Thereupon a
final order to remove the tenant and a mortgagee, who was made a party,
from the possession of the premises was prayed for. The notice in writing,
annexed to the petition and made part thereof, is in due form. It contains
a full description of the premises, and states that there is justly due to the
landlords the sum of $3,800 for one quarter's rent for the quarter ending
May 1, 1904, of the premises described, and that there is due and remaining
unpaid, for a period of 60 days since the same became due and payable, the
sum of $692.69 for taxes for the year 1903, imposed upon a portion of the
aforesaid premises; "all of which you are required to pay on or before the
expiration of three days from the day of service of this notice, or surrender
the possession of the said premises to the landlords, in default of which the
landlords shall proceed under the statute to recover the possession thereof."
On this notice there is indorsed a certificate of service of C. A. Farley, city
marshal, borough of Manhattan, stating that on the 12th of May, 1904, at
3:15 in the afternoon, he served the notice on the Long Acre Square Building
Company by delivering to and leaving with Henry M. Work, the treasurer
of the said corporation, personally, a true copy thereof, at the same time show-
ing him the original; that such service was made at No. 71 Broadway, in the
borough of Manhattan, and that the marshal knew the person so served to
be Henry M. Work, and knew him to be the treasurer of the Long Acre Square
Building Company, the tenant mentioned and described in the notice. Upon
the petition a justice of the Municipal Court issued a precept to the Long
Acre Square Building Company and to the mortgagee, by which they were
required forthwith to remove from the premises designated and described,
being the same premises mentioned in the petition, or show cause before such
court on the 25th day of May, 1904, why possession of the premises should not
be awarded and delivered to the landlords or the petitioner. The precept was
served on the 20th of May on Henry M. Work, treasurer of the building com-
pany. On the return day an answer was interposed by Joseph J. Corwin, the
president of the Long Acre Square Building Company, which he describes as
"his answer" to the petition, in which the allegations of the petition to the
effect that the Long Acre Square Building Company was the tenant and in
possession of the premises described therein, and that Charles A. Peabody and

the trustees of the Astor estate are landlords, are admitted; and then he proceeds to state that he "has no knowledge or information sufficient to form a belief as to the rest of the allegations contained therein, and therefore denies the same." The proceeding came on for trial at the Municipal Court before a justice without a jury on the 1st day of June, 1904. Proof was given of the nonpayment of rent and of the nonpayment of taxes on a portion of the premises for the year 1903. The trial was continued on the 2d day of June, when the landlords called as a witness Henry M. Work, the treasurer of the Long Acre Square Building Company. He testified as follows: "I know that the tenant was served with the three days' notice and demand to pay the taxes and rent or move; that was on the 12th of May; that was served upon myself. I am the treasurer of the company. The company has not paid the rent; it has not paid the taxes." On cross-examination he stated that he could not say that the taxes for 1903 on a portion of the premises had not been paid, but that they had not been paid by him, and he did not know whether any one else by the corporation had paid them; but that he was the officer who would pay bills of taxes and pay the rent for the company. The Long Acre Square Building Company then called as a witness on its behalf the attorney for the company who represented it in that proceeding. He testified that on the 31st of May (which was after the proceeding was instituted and after issue joined), at the request of Joseph J. Corwin, president of the Long Acre Square Building Company, he paid taxes amounting to $732.32 on the premises in question, which amount included the taxes mentioned in the petition, and he also paid the water arrears, amounting to $8.97. The bill for taxes was offered in evidence. A check was produced which the witness testified had been paid subsequent to the 31st of May, 1904. The landlords' counsel objected to the tax bill and receipt being received in evidence, but the court admitted them. The tenant rested its case upon that proof, whereupon its counsel moved to dismiss the proceeding, which motion was denied, and the court directed that a warrant should issue removing the tenant from the premises for the nonpayment of rent and also for the nonpayment of taxes. The justice indorsed on the precept the following: "Final order is hereby made the 2d day of June, 1904, in favor of said landlords, awarding to said landlords the delivery of the premises within described by reason of the tenant's nonpayment of said rent and said taxes, together with costs." From this final order the tenant appealed to the Appellate Term of the Supreme Court, where the order was affirmed by a divided court. By permission a further appeal was taken to this court. The order appealed from is assailed on three grounds: First, that no jurisdiction was conferred upon the Municipal Court because of insufficiency of the petition, in that such petition does not contain an allegation of proper service of the notice requiring the payment of rent and taxes or the surrender of the premises; second, that there was a defect in the proof of service, it not having been shown that the original notice was exhibited at the time of the alleged service thereof; third, that the final order was unauthorized, because it appeared on the trial that the taxes for the year 1903 had been paid, and that therefore the tenant could not be dispossessed for their nonpayment.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Warren Leslie, for appellant.
William G. Choate, for respondents.

PATTERSON, J. First. The allegations of the petition were sufficient to confer jurisdiction of the proceeding upon the Municipal Court. Mr. Peabody, the petitioner, states positively that three days' notice in writing, requiring, in the alternative, the payment of the rent or the possession of the premises and the payment of the taxes or the possession of the premises, was served on behalf of the landlords

upon the tenant, and that the service was made by delivering to and leaving with Henry M. Work, the treasurer of the company, personally, a true copy of the notice. He annexes to the petition a copy of the certificate of the person who served the notice, in which it is stated that the original notice was shown to Work at the time service was made. But, even if the petition was defective in not alleging that the original notice was shown when service was made, that was cured by the answer of the tenant. The trial proceeded without objection being taken to the jurisdiction. Objections to proceedings which are not connected with the matters in issue, but are preliminary, and go only to the right and power of the court to hear the case, are technical, and are deemed to have been waived if the party proceeds to the trial or argument without raising them. Cowenhoven v. Hall, 118 N. Y. 232, 23 N. E. 470. This is not a case where the court is without jurisdiction of the subject-matter of the proceeding. In such a case the objection to jurisdiction may be taken on appeal in the first instance or at any time. Matter of Walker, 136 N. Y. 20, 32 N. E. 633. Here the Municipal Court had jurisdiction of the subject-matter. The only doubt arising would be as to its acquiring jurisdiction of the person of the tenant by failure to exhibit the original notice, and that objection was waived. Showing the original notice is only an incident connected with the service of process issued to bring a party into court.

Second. The contention that there was an insufficiency of proof because of the omission to show that the original notice was exhibited at the time of serving is not well founded. The Municipal Court marshal was not called as a witness, but the treasurer of the tenant was put upon the stand, and swore that the three days' notice and demand "to pay the rent and taxes or move" was served upon him. That is sufficient as an admission that the service was properly and duly made, and, the fact of service being shown by this witness, it was unnecessary for the landlords to prove every detail of the method of the service. We fail to find in the record that a motion was made to dismiss the petition on the ground that service was not made according to the requirements of the statute. The motion actually made was that the petition be dismissed on the ground that no demand had been shown for the rent or for the taxes, and to meet that objection the witness Work was called, who gave the testimony above referred to. We think, under the circumstances, that the proof was sufficient.

Third. The final order is attacked because it is stated therein that it was issued for the nonpayment of taxes as well as for the nonpayment of rent; that, the taxes having been paid, there was no foundation for granting the final order because of their alleged nonpayment. The significance and importance of this contention resides in the fact that a tenant dispossessed for nonpayment of taxes has no right of redemption under existing provisions of law (Witty v. Acton, 58 Hun, 552, 12 N. Y. Supp. 757), whereas, if he were dispossessed only for the nonpayment of rent, he may redeem, under section 2256 of the Code of Civil Procedure, where he is a lessee with an unexpired term of more than five years, as he is in the present case. The question arising on this contention relates to the substance of the final order, as well as to its form. There can be no dispute but that at the time the petition was

filed and at the time the answer was served and the proceeding went to issue the taxes had not been paid. Nor can it be disputed that upon the trial on the 1st day of June evidence was given on the part of the landlords that the taxes had not been paid. On the 2d day of June, Work, the treasurer of the tenant, whose business it was to pay taxes for the corporation, testified first that the taxes had not been paid, and then that he had no knowledge whether they were paid or not; but on the same day the attorney for the tenant testified as a witness on its behalf that two days previously, at the request of the president of the corporation, he had paid by check the taxes upon the premises "against which this proceeding was brought." It is apparent, therefore, that if these taxes were paid, such payment was made after issue was joined, and without the fact being set up in the answer or in any way communicated to the landlords. The justice of the Municipal Court was authorized to try only the issues that were before him. Section 2247 of the Code of Civil Procedure directs that the issues joined by the petition and answer must be tried by the judge or justice. It is not urged that by the payment of the taxes a final order of dispossession was arrested. That final order must necessarily relate to the right of the landlords as claimed at the time issue is joined, and the reasons for granting it are necessarily those which existed at the time the landlords' right to repossession accrued. We are not now dealing with the question of the enforcement of the order by staying the issuance of a warrant. The party against whom a final order is made may stay such issuance by complying with the provisions of section 2254 of the Code of Civil Procedure; that is to say, he must pay or secure all the rent, taxes, interest, and costs. Had the tenant paid or offered to pay, before the final order was issued, all that was necessary to prevent the issuance of a warrant, that might have been sufficient under what was held in the Matter of Flewwellin v. Lent, 91 App. Div. 430, 86 N. Y. Supp. 919; but it did not, and thus the rights of the landlords to their full extent were left unimpaired.

The determination of the Appellate Term must be affirmed, with costs. All concur, except O'BRIEN, P. J., who dissents.