CHARLES A. PEABODY et al., as Trustees of HENRY ASTOR, Respondents, *v.* LONG ACRE SQUARE BUILDING COMPANY, Appellant.

LANDLORD AND TENANT — SUMMARY PROCEEDINGS — DISPOSSESSION FOR NON-PAYMENT OF TAXES AND RENT — COSTS. A final order in summary proceedings to dispossess a tenant for non-payment of taxes and rent, awarding delivery of the premises to the landlord "by reason of the tenant's non-payment of said rent and said taxes, together with the costs," is erroneous where it appears that the unexpired term of the tenant was more than five years and that during an adjournment of the proceeding the tenant paid and discharged the taxes. If dispossessed for non-payment of rent he might redeem by paying the rent (Code Civ. Pro.

§ 2256). There is no right to redeem, however, for non-payment of taxes, and having paid them, although after the commencement of the proceeding, he is entitled to a modification of the order by striking out the statement that he was dispossessed for non-payment of taxes, since assuming that separate defaults different in character and results can be united in a single proceeding, the tenant in that proceeding has the right to obtain relief from any of the defaults upon complying with the conditions specified in section 2254 of the Code of Civil Procedure in the same manner as if the proceeding had been brought upon that default alone; and to protect his rights the order should be based only upon the default from which he has not relieved himself; nor is the tenant required to pay the costs of the proceeding at the time of paying the taxes, since they would be included in the judgment dispossessing him for non-payment of rent.

*Peabody* v. *Long Acre Square Building Co.*, 112 App. Div. 114, reversed.

(Argued February 19, 1907; decided March 12, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 6, 1906, which affirmed an order of the Appellate Term affirming an order of the Municipal Court of the city of New York made in summary proceedings, and awarding possession of the premises in suit to the plaintiffs.

The facts, so far as material, are stated in the opinion.

*Alton B. Parker*, *Warren Leslie* and *Bennett E. Siegelstein* for appellant. The taxes were paid before the final order was granted, and for that reason the justice erred in including their non-payment as one of the grounds for granting the order. (Code Civ. Pro. § 2256; *Witty* v. *Acton*, 58 Hun, 552; *Voorhees* v. *Burchard*, 55 N. Y. 107; *Bergen* v. *Urbahn*, 83 N. Y. 50; *Frear* v. *Sweet*, 118 N. Y. 458; *Brady* v. *Nally*, 151 N. Y. 258; *Eastwood* v. *Retsof Co.*, 86 Hun, 95; *Bixby* v. *Casino Co.*, 14 Misc. Rep. 346; *Jarvis* v. *Driggs*, 69 N. Y. 145.) The appellant had the right to pay the taxes when it did and at any time before a warrant was issued. (Code Civ. Pro. § 2254; *Matter of Flewwellin* v. *Lent*, 91 App. Div. 430.)

*William G. Choate* for respondents. The decision of the Municipal Court that the order should be for dispossession on

the ground of non-payment of rent and taxes was correct, not-withstanding the payment by the tenant of the taxes pending the trial. (*Simmons* v. *Pepe*, 43 Misc. Rep. 661; *Butler* v. *F. T. Co.*, 186 N. Y. 486; *Wisner* v. *Ocumpaugh*, 71 N. Y. 113; *Garner* v. *Hannah*, 6 Duer, 262; *Jackson* v. *Stiles*, 3 Wend. 429; *Giles* v. *Austin*, 62 N. Y. 486; *Storer* v. *Chasse*, 9 Misc. Rep. 45; *Matter of Flewwellin* v. *Lent*, 91 App. Div. 430; *Eaton* v. *Wells*, 82 N. Y. 576; *Jarvis* v. *Driggs*, 69 N. Y. 145.)

Cullen, Ch. J.  This proceeding was instituted by the respondents, as landlords, against the appellant who held possession of certain premises in the city of New York under a lease for the term of twenty years from November 1st, 1902, at an annual rent until May 1st, 1913, of $15,200, the tenant covenanting to pay all taxes and assessments.  The proceeding was founded on a default by the tenant in the payment of a quarter's rent due on the 1st day of May, 1904, and a failure to pay the annual taxes for the year 1903. The tenant answered and the proceedings were adjourned. Pending the adjournment the tenant paid and discharged the taxes.  There was no substantial defense to the allegation of default in payment of the rent.  Thereupon the judge of the Municipal Court made a final order awarding delivery of the premises to the landlord " by reason of the tenant's non-payment of said rent and said taxes together with the costs."  On appeal this order was affirmed by the Appellate Term of the Supreme Court, and also by the Appellate Division of the first department, in each instance by a divided court, and an appeal is taken to this court by leave of the Appellate Division.

On examining the record it appears that, over the objection and exception of the tenant, the imposition of the tax and its non-payment was proved solely by the evidence of a witness as to what he had seen in the tax roll.  It is at least doubtful whether this evidence was competent for the purpose for which it was offered.  But as the learned counsel for the appellant asks that the merits of the controversy be decided,

we shall not discuss the question nor consider the technical objections presented to the Appellate Division. The appellant seeks on this appeal only to modify the final order of the Municipal Court by striking out the statement that the tenant is dispossessed for non-payment of taxes. The objection is not formal but substantial, for by section 2256 of the Code of Civil Procedure where at the time the tenant is dispossessed there remains unexpired five years or more of the demised term, the tenant may within a year redeem by paying the rent in arrears. There is no similar provision in favor of a tenant dispossessed for default in the payment of taxes, and it has been held that there is no right of redemption in such a case. (*Witty* v. *Acton*, 58 Hun, 552.) The appellant contends that it will be barred from any right to redemption by the form of the final order in this proceeding, and, therefore, seeks its modification.

We are of opinion that the appellant was entitled to the modification sought. Summary proceedings to recover the possession of land were first brought into existence in this state by chapter 194 of the Laws of 1820 and were limited to two cases; first, the expiration of the tenant's term; second, default in the payment of rent. In the latter case they could be maintained only where there was not sufficient distress on the premises to satisfy the rent. It was not coextensive with the landlord's right to maintain ejectment, and could not be maintained for a breach of any other covenant of the lease than that to pay rent. (*Oakley* v. *Schoonmaker*, 15 Wend. 226; *Beach* v. *Nixon*, 9 N. Y. 35.) In 1846 distress for rent was abolished, and in 1849 the provisions requiring the absence of sufficient distress as a condition for the maintenance of summary proceedings was repealed. The scope of these proceedings has, from time to time, been enlarged so as to include other cases, such as those of a purchaser at a sale on execution or on a foreclosure by advertisement and the like, but it has never been enlarged so as to include generally all cases where ejectment would lie. By chapter 162 of the Laws of 1840 the proceedings could not be maintained when the unexpired

part of the demised term exceeded five years. The last-mentioned statute was repealed, and in lieu thereof a tenant was given the right of redemption, which still exists under section 2256 of the Code. Under section 2254 whenever a final order is made the tenant may stay the issue of the warrant and further proceedings by payment of the taxes or rent, as to which he may be in default. Therefore, had these proceedings been instituted against the appellant for default in payment of taxes it could have paid those taxes and terminated the proceedings. Had the proceedings been instituted for non-payment of rent then the appellant, though unable to pay the rent, would have a year's time in which to redeem. But the contention of the respondents is that proceedings having been instituted for both defaults, the dispossession of the appellant is final, and it is on this ground that the decisions below have proceeded ; that is to say, that in such cases the tenant must pay both taxes and rent or lose all interest in the premises. We cannot accede to this position. By authorizing summary proceedings for non-payment of taxes it could not have been the intent of the legislature to in any degree impair the tenant's right of redemption after a dispossession for unpaid rent. Yet, if the doctrine which has prevailed below is to stand this result has been most effectually accomplished. It is urged that the default in rent and default in taxes was but a single default. We think not. They are essentially different in their character because the results that flow from them are different. The judgment for one cause is for a redeemable annulment of the lease, for the other it is for an irredeemable annulment, therefore the defaults are essentially distinct. By joining both defaults in a single proceeding the tenants cannot be deprived of any right they would have had, had separate proceedings been instituted. If the effect of the joinder is such as the courts below have held, it seems to us a conclusive argument that both defaults cannot be joined in the same proceeding. It is not, however, necessary to determine that question. If separate defaults, different in their character and results, can be united in a

single proceeding we are of opinion that the tenant must in that proceeding have the right to obtain relief from any of the defaults on complying with the conditions specified in section 2254 of the Code, in the same manner as if the proceeding had been brought on that default alone. To protect its rights it is, therefore, necessary that the final order awarding judgment should specify and be based only upon the default or defaults from which the tenant has not relieved itself. Otherwise the final order or judgment in the proceeding against it would be conclusive against the tenants in other actions. (*Jarvis* v. *Driggs*, 69 N. Y. 143 ; *Reich* v. *Cochran*, 151 N. Y. 122.) The objection that the tenant should have also paid the costs of the proceeding is without force. Judgment would necessarily go against it for the default in the rent and that judgment would include costs. The tenant could not be required to pay these costs twice.

The orders of the Appellate Division and Appellate Term should be reversed and the order of the Municipal Court modified by striking therefrom the reference to taxes, with costs to appellant in this court only.

HAIGHT, VANN, WERNER and CHASE, JJ., concur; GRAY and EDWARD T. BARTLETT, JJ., dissent.

Ordered accordingly.