GEORGE F. AUSTIN & another *vs.* JAMES F. KIMBALL.

Suffolk.   November 16, 1896. — January 8, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Ejectment for Recovery of Unexpired Term of Lease.*

An action of ejectment for the recovery of the unexpired term of a lease can only be maintained by one who has the right of possession.

EJECTMENT.   Writ dated December 21, 1894.   Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiffs sought to recover possession of a room known as No. 32 North Market Street in Boston.   On December 13, 1890, Durgin, Park, and Company, who were the lessees of " the brick and granite store building situated and numbered 31 on North Market Street," subleased, with the consent of their landlords, to one Sanborn the first floor and cellar of the building.

The first floor was entered from the street by two doors numbered 31 and 32.   The premises in suit, namely, the room number 32, to which access was had through door 32, were separated from the rest of the first floor by partitions at the side and rear.

On the same December 13, 1890, Sanborn, with the consent of his landlords, subleased the cellar and room 32 to the plaintiffs, and they, with Sanborn's consent, subleased 32 to J. M. Barnard and Company.   All the leases mentioned were for the same term, namely, for five years from December 1, 1890, to December 1, 1895, and all contained covenants against assigning or underletting without the consent in writing of the lessors.

On April 29, 1893, J. M. Barnard and Company made, on the

lease held by them, an assignment as follows : " Boston, April 29, 1893. For value received, we hereby assign all our right, title, and interest in and to the within lease to D. G. Wilkins of said Boston, under the same terms and conditions. J. M. Barnard & Co." To this assignment the plaintiffs assented by subjoining the following writing: " We hereby assent to the above assignment, and agree to accept said Wilkins as tenant in place of said Barnard, and to further guarantee his tenancy. G. F. Austin & Co."

Some time before August 29, 1893, the defendant procured an assignment to himself of the lease held by Sanborn of the whole of the first floor and of the cellar, and thereafter, on or about August 29, 1893, " in good faith believing that the lease from Sanborn to the plaintiffs had been forfeited for breach of its condition, entered upon the premises numbered 32 under a claim of paramount title, such claim being made in good faith." Wilkins conceded to this claim, quit the premises, and removed his business. The defendant after entry as aforesaid continued in occupation of room 32 up to the bringing of this action, and afterward till the termination of all the leases.

It did not appear whether the defendant's continuance in occupation of room 32 was under the claim of paramount title, or by some arrangement or agreement with Wilkins, or otherwise, except that it did not at the outset create the relation of landlord and tenant between the plaintiffs and the defendant.

The judge ruled that the plaintiffs could not maintain their action, and directed a verdict for the defendant; and the plaintiffs alleged exceptions.

*J. P. Prince,* (*G. D. Williams* with him,) for the plaintiffs.

*W. R. Sears,* for the defendant.

ALLEN, J. Sanborn was lessor to the plaintiffs. The plaintiffs had sublet No. 32 to Barnard and Company with Sanborn's consent, and Barnard and Company had assigned their lease to Wilkins. The plaintiffs accepted Wilkins as tenant in place of Barnard and Company, but it does not appear whether or not Sanborn consented to the assignment to Wilkins.

The defendant Kimball took Sanborn's title, and entered upon No. 32 for breach of the condition of the lease from Sanborn to the plaintiffs; Kimball thus stood in Sanborn's place. Wilkins

yielded possession ; but it does not appear whether he was bound to yield possession or not.

The plaintiffs now bring an action of ejectment for the recovery of the unexpired term of their lease from Sanborn. Such an action still exists in this Commonwealth. *Hodgkins* v. *Price*, 137 Mass. 13. But it can only be maintained by one who has the right of possession. Taylor, Land. & Ten. (8th ed.) §§ 698 *et seq.* Upon the facts of the present case, the plaintiffs must fail, because they had no right of possession.

If Kimball's entry was lawful, then the plaintiffs' rights under their lease from Sanborn were at an end. If his entry was unlawful, then Wilkins was not bound to yield to it, and the plaintiffs' right to recover rent from him remained unimpaired, and the right of possession was in Wilkins. *Morse* v. *Goddard*, 13 Met. 177. *George* v. *Putney*, 4 Cush. 351. *Whitney* v. *Dinsmore*, 6 Cush. 124, 128. *Towne* v. *Butterfield*, 97 Mass. 105. *Holbrook* v. *Young*, 108 Mass. 83. *Cobb* v. *Lavalle*, 89 Ill. 331.

*Exceptions overruled.*