**COEFFICIENT FOUNDATION et al. v. EDWARDS.**

No. 14695.

Court of Civil Appeals of Texas. Fort Worth.

June 15, 1945.

Rawlings, Sayers & Scurlock and Nelson Scurlock, all of Fort Worth, for appellants.

B. Y. Cummings, A. W. Dawson and Joe J. Johnson, all of Fort Worth, for appellee.

SPEER, Justice.

In this case, Miss La Una Edwards sued Coefficient Foundation, a corporation, P. E. Glenn, Mrs. P. E. Glenn, Earl Glenn, James McLeod, Mrs. James McLeod, J. J. Cole, and Mrs. J. J. Cole for damages sustained because of wrongful eviction from a room in a rooming house, for the shame and humiliation suffered by her on account of the manner of her eviction, for loss of and damage to property and for exemplary damages.

Defendants answered by general denial. Tried to the court without a jury, judgment was entered for plaintiff against all defendants for $305 and exemplary damages for $250 against all defendants except the corporation. All defendants except James McLeod have appealed.

This is a companion case to that of Co-efficient Foundation v. Kennedy et vir., 188 S.W.2d 694. The same statement of facts is filed in both cases; there are duplicate findings of fact and conclusions of law in the two records. We refer to the opinion in the above-cited companion case for the fact findings by the court. Some of the points of error presented here are also in the other case.

■ Points 1, 2, and 3 complain of the award of damages for (1) the value of ear-rings lost, (2) damage to a cedar chest, and (3) expense of reconditioning clothing damaged, all because of the wrongful eviction and removal by defendants of plaintiff's property from the room. The complaint in these points of error is that there is no testimony as to the value of the lost ear-rings; no evidence of the difference in the value of the cedar chest before and after being damaged, and no evidence of the reasonable and necessary expense of reconditioning of plaintiff's clothing. The court awarded damages of $10 for the lost ear-rings, $15 for damages to the cedar chest and $15 for reconditioning clothing. These points must be sustained; we find no evidence in the record to sustain the fact findings and the judgment in these respects. The items were pleaded by plaintiff but were not proven.

Points 5 and 6 are also well taken; they are (5) error of the court in finding that the defendants other than "Coefficient Foundation" were operating the rooming house (from which plaintiff was evicted) and (6) the evidence shows conclusively that the house was owned exclusively by the corporation. There is no evidence in the record which contradicts the contentions presented in these two points. We shall have more to say later in this discussion, concerning those defendants other than the corporation.

■ Fourth point complains because judgment was entered for plaintiff for $250 damages because of embarrassment and humiliation resulting from the notes of eviction "since there was no evidence to the effect that such notice had been published." The testimony of plaintiff supports the court's findings of shame and humiliation and the judgment entered thereon. This is not an action for libel requiring proof of "publication" before recovery can be had, and the authorities cited applicable to actions for libel are not controlling here. Moreover, if publication was a necessary requisite, the record indicates that carpenters and plumbers were reconditioning the house and that there were two other roomers in the six room house and there is no reason why such persons could not see and observe the offending eviction notice. No error is presented by the point urged.

Seventh point complains because the court permitted plaintiff to make a collateral attack on the charter of the corporation and "holding defendants James McLeod, Mrs. James McLeod, J. J. Cole, and Mrs. J. J. Cole and Earl Glenn liable for a wrong which the evidence shows without dispute they did not participate in."

It is somewhat difficult to understand just what defendants mean by "collateral attack" on the charter unless they mean that the named defendants, some of whom were applicants for the charter and owners of stock in the corporation could not be held responsible for the wrongful acts of the corporation, when they did not participate therein. If this be the proper interpretation of the contention of the point raised, it is well taken and our disposition of the appeal and judgment to be entered will dispose of this phase of the case.

■ Eighth point asserts error in entering judgment against the corporation because it is shown to be a charity corporation. Defendants rely upon the principles of law involved in Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749. Plaintiff (appellee) counters this point with the contention that the defendant corporation is in no position to claim immunity from liability in this case because the only answer filed was one of general denial; that before the corporation could introduce in evidence its charter designating it as a charity institution, it must have pleaded its immunity from liability affirmatively as provided by Rule 94, Rules Texas Civil Procedure. We note, however, that no objection was made by plaintiff to the placing of the charter and

its provisions in evidence and this being a trial to the court, it will be presumed that the issue of liability was tried out by express or implied consent under Rule 67, T. R.C.P.

Under the undisputed facts in this case and the findings of fact by the trial court the corporation had never functioned under the "purpose clause" of its charter, but was engaged in a private enterprise of running a rooming house for profit. Its conduct speaks more loudly than its words —its acts present the hand of one but the voice of another. What we have said under point seven in the companion case, above cited, is applicable here, and we overrule the point. The authorities cited in the companion case are applicable here.

We have concluded that defendants Earl Glenn, Mrs. James McLeod, Mr. and Mrs. J. J. Cole are not liable to plaintiff for the wrongful eviction since neither of them apparently had anything to do with the transaction or in any way aided therein, and the judgment must be modified to that extent; but since James McLeod did not appeal, his rights are not before us. Clearly the conduct of Mr. and Mrs. P. E. Glenn precipitated this lawsuit, and they must be held responsible along with the corporation.

As above indicated, there is no evidence to support the judgment covering the items of lost ear-rings, damage to the cedar chest and reconditioning plaintiff's clothes; these items aggregate $40, and the judgment must be reduced by that amount. We therefore reform the judgment so that plaintiff shall recover of Coefficient Foundation, a corporation, P. E. Glenn and Mrs. P. E. Glenn the sum of $265 as compensatory damages, and against P. E. Glenn and Mrs. P. E. Glenn $250 exemplary damages, and as thus reformed the judgment will be affirmed in so far as the last above-named defendants are concerned. James McLeod did not appeal and his rights are not before us and the judgment below is left undisturbed as to him.

For the reasons hereinabove set out, no judgment should have been rendered against the defendants Earl Glenn, Mrs. James McLeod, J. J. Cole and Mrs. J. J. Cole, and in so far as they are affected, the judgment against them is reversed and here rendered in their favor for their costs incurred.

Judgment undisturbed in part, reformed in part, and reversed and rendered in part.