Irving Younger, J.
Emil Surlack, an elderly gentleman of uncertain health, lived in an apartment at 320 East 91 Street *260 in New York City. His lease had expired in 1971, but' he continued in possession as a statutory tenant.
Margaret Yates is a lady long since surprised by time. Several years ago, Mr. Surlack asked her to become his housekeeper. Since she had no other ties and was, in her own words, ‘ ‘ always jolly,” she agreed. Mrs. Yates moved into a room in Mr. Surlack’s apartment, and there she stayed until the present trouble.
On August 1,1973, as I reconstruct events, Mrs. Yates entered Mr. Surlack’s bedroom to serve breakfast. She found him dead. Unable to decide what to do, she did nothing. The next day passed, and the morning of the next. By then, .the body had reached the state of ripeness foretold by Hamlet of the murdered Polonius (Act IV, scene 3): “But indeed, if you find him not within this month, you shall nose him as you go up the stairs into the lobby.”
The police were called. Mrs. Yates refused to let them in. They asked whether Mr. Surlack was all right. “ Yes,” she said. “ I take good care of him.”
“ Then why can’t we go in to see him? ”
“ Well, I guess he’s not all right. He needs an undertaker.”
The body was removed that day. Mrs. Yates stayed elsewhere until the apartment could be fumigated. When she returned, a padlock was on the door. It had been placed there by the other tenants, who had decided that they no longer wished Mrs. Yates to live in Mr. Surlack’s apartment.
Mrs. Yates now brings a summary proceeding against the landlord in which she seeks possession of the apartment and damages for wrongful detainer.
The case presents three issues.
First, is the padlocking of the door by the other tenants chargeable to the landlord? It is. Among those tenants was the building superintendent. On familiar principles of agency law, therefore, what the superinendent did is deemed the act of the landlord. Moreover, the landlord’s refusal to restore Mrs. Yates to possession amounts to a ratification of the tenants’ behavior.
Second, was the apartment wrongfully detained? It was. Subdivision 10 of section 713 of the Real Property Actions and Proceedings Law provides, in substance, that a tenant may bring a summary proceeding against one who forcibly detains'the premises. I hold that the padlocking of the door was a sufficiently forcible detainer to make out Mrs. Yates’ cause of action under subdivision 10 of section 713.
*261 Third, what is Mrs. Yates’ remedy? This is the difficult part of the case.
My function is to enter a final judgment “ determining the rights of the parties. ’ ’ (Real Property Actions and Proceedings Law, § 747, subd. 1). To be restored to possession, Mrs. Yates must show herself “to be the owner of a legal estate,” (Golde Clothes Shop v. Loew’s Buffalo Theatres, 236 N. Y. 465, 470), to be the “ one who has the right of possession.” (Austin v. Kimball, 167 Mass. 300, 302.) Mrs. Yates was “ in constructive possession at the time of the forcible detainer ”, as required by subdivision 10 of section 713 of the Real Property Actions and Proceedings Law, and the apartment was indeed forcibly detained. But does Mrs. Yates now have a right of possession?
Since she was not a member of Mr. Surlack’s family, she was not herself a statutory tenant. As Mr. Surlack’s tenant, her right terminated with his; and his right terminated when he died. (Rasch, New York Landlord and Tenant [2d ed., 1971], § 285.) Of course, had the landlord accepted rent from Mrs. Yates or otherwise recognized her as the prime tenant after learning of Mr. Surlack’s death, Mrs. Yates would have succeeded to Mr. Surlack’s right. The landlord did no such thing. At the moment of Mr. Surlack’s death, then, Mrs. Yates was subject to eviction upon the bringing of a summary proceeding by the landlord. He did not: that is why the landlord is liable for wrongful detainer. He may not be ordered to restore Mrs. Yates to possession, however, because Mrs. Yates has no right to the apartment. In Hohfeldian terms, she had a bare license to occupy the apartment upon the landlord’s sufferance, and that is not enough.
I have found only one analogous case. In Bressler v. Amsterdam Operating Corp. (194 Misc. 76), a landlord had forcibly evicted a tenant, and the tenant sued to be restored to possession. The tenant’s occupancy was illegal in that it violated the zoning laws. The court dismissed the tenant’s petition, reasoning that to restore the tenant to possession would be futile, merely generating further litigation the consequence of which would inevitably be the tenant’s eviction from the premises sought to be recovered. That, precisely, would be the result were I now to give possession of Mr. Surlack’s apartment back to Mrs. Yates. Tomorrow the landlord would begin a summary proceeding to evict her, and evicted she would be.
Although I cannot restore Mrs. Yates to possession, it remains true that the apartment was unlawfully detained. For that *262 she may bring an “ action ” for treble damages. (Real Property Actions and Proceedings Law, § 853.) Since a summary proceeding is an ‘‘ action ” (CPLR 105, subd. [b]), and since the issue was raised in the trial before me, I shall decide it. Mrs. Yates’ actual damages were $75; trebled they are $225. On the entire case, then, petitioner shall have judgment against respondents for money only in the sum of $225, together with discretionary costs of $50. (Real Property Actions and Proceedings Law, § 747, subd. 3.)