Albert P. Williams, iJ.
The plaintiff, Miriam Hausman, brings an action in the sum of $132.70 and the plaintiff, Patrick J. Hynes, brings his action for $400 against the defendant, the owner of the luxury residential complex known as Lincoln Towers.
The plaintiffs allege that due to the defendant landlord’s failure to provide central air conditioning, they have been damaged in the amounts sued for. The plaintiff, Ms. Hausman, claims she was required to .rent an air conditioner and to clean a rug. The plaintiff, Mr. Hynes, claims reimbursement for expenses incurred for meals taken away from home, hotel expenses and the purchase of an air conditioning unit. The plaintiffs assert that the defendant landlord has breached their leases in failing to provide air conditioning as contracted for and moreover has breached an implied warranty of habitability.
*523 The evidence is uncontradieted that the defendant failed to provide air conditioning during a period of time it is reasonably expected that such service would have been expected, namely July 29 through September 5, 1973. The court is aware of the .nature of modem residential high rise construction, which prompts the desire for air conditioning, because of the lack of cross ventilation, low ceilings and interior common corridors without windows. The court is also mindful of the unseasonably high temperatures -and humidity that occurred during that particular 39-day period.
The defendant resists the claims by relying on paragraph 15 of its lease and by putting in evidence the efforts .made to correct the situation. Paragraph 15 outlines the utilities and facilities to be furnished, e.g. automatic elevator service, hot and cold water, air conditioning. The paragraph concludes with -the statement that, ‘ ‘ Interruption or curtailment of any service or services shall not constitute or be deemed to be an eviction by landlord, in whole or in part, actual or constructive, nor entitle tenant to any. compensation or to any diminution or abatement of rent or subject landlord to any liability for damages or otherwise.”
It is well settled that under the common law there is no implied obligation or duty on the part of a landlord to make repairs to the demised premises. The obligation of a landlord in any case to repair rests solely on express covenant or undertaking. However, there have been statutory changes which have been in derogation of the common law. A landlord is under an obligation to keep in repair all parts of those buildings, whether or not leased, and whether or not used in common by all of the tenants thereof, which come within the provisions of the Multiple Dwelling Law (in New 'York City) or the Multiple Residence Law (outside New York City). The statute then has shifted from the tenant to the landlord the obligation to repair.
It is for this reason then that the court does not share the defendant’s enthusiasm for paragraph 15 of the lease. That paragraph attempts to do away with defenses the tenant has to actions pressed by the landlord, even in the face of obligations imposed by statute upon the landlord. I do not read that paragraph to impose a duty on the landlord to provide services no matter what the attending circumstances. Nor do I read it to mean that the landlord can withhold such -services without liability in the absence of just cause or circumstances.
The Multiple Dwelling Law for the City of New York places no obligation on the landlord to install or maintain air condi *524 tioners. Nor does the Housing Maintenance Code. Any obligation to provide air conditioning and maintain it in repair must be found in the contract or lease. If a landlord has covenanted to make repairs but the covenant is silent as to the time within which the repairs 'are to be made, the law will hold that the repairs are to be made within a reasonable time.
The evidence .shows that the defendant has been billed in excess of $22,000 for the services of mechanics and materials for the period August 3rd through 'September 5th. A review of the invoices shows billing for mechanic services for virtually every day during that period. Many days show substantial hours of overtime were billed in addition to regular time. Purchase orders for materials total in excess of $16,000 and are dated immediately after the initial breakdown.
The plaintiffs in support of their claim of breach of warranty of habitability are relying on a number of cases. Morbeth Realty Corp. v, Rosenshine (67 Misc 2d 325) held that the Housing Maintenance Code of City of New York must be read into a leasing contract. The code implies a warranty of habitability. The case shows however, that the doctrine was employed in the -presence of the landlord’s failure to make a bona fide effort to comply with the Housing Maintenance Code of the City of New York.
In Jackson v. Rivera (65 Misc 2d 468) the issue presented was whether the refusal of the landlord to make repairs, imposed by the Multiple Dwelling Law and the Housing Maintenance Code, gave rise to a right on the part of a tenant to have the repairs made and set off their reasonable cost against the rent claimed.
In Garcia v. Freeland Realty (63 Misc 2d 937) the court, siting in Small Claims, held that if damage based upon the commission of a tort is an appropriate award, then- it was proper to reimburse plaintiff for the reasonable cost of preventing the commission of a tort after defendant had had a reasonable opportunity to act and failed to do so.
In all of these cases, there was a statutory duty to repair and refusal to repair, unlike the case before me.
The rules relating to the performance of contracts generally have general application to the performance of leases, at least as concerns executory promises or covenants contained in a lease. (33 N. Y. Jur., Landlord and Tenant, § 102.) After •reviewing all the evidence and hearing the parties, the court concludes that the defendant is not in breach of the lease to plaintiffs nor did the defendant breach its warranty of habit *525 ability. The defendant has acted expeditiously and reasonably in attempting to restore service.
Judgment for the defendant against the plaintiffs Hausman and Hynes.