(April 19, 1974)

■ In the Matter of the Application for Approval of the Certificate of Incorporation of the ST. LAWRENCE COUNTY LEGAL ASSISTANCE CORPORATION.— Application of incorporators of the St. Lawrence County Legal Assistance Corporation for approval of its incorporation, pursuant to subdivision 5 of section 495 of the Judiciary Law, granted upon the following terms and conditions. 1. Approval be and hereby is limited to a period of three years from the date of entry of an order hereon. The period may be extended upon application made prior to the expiration of the three-year period. 2. All legal advice and legal services shall be furnished and rendered solely by attorneys duly admitted to practice law in this State. Attorneys employed by petitioner shall render only professional legal services. Such services shall be rendered within the same limits applicable to an attorney in private practice, except that petitioner's attorneys shall not accept contingency fee cases unless it is established after a reasonable effort of referral that a private attorney would not be qualified or willing to accept the case. 3. Neither the petitioner nor any of its employees shall receive or participate in any fee or compensation paid by or on behalf of a client for the rendition of legal services, except that petitioner may accept counsel fees awarded to it by any court of competent jurisdiction. 4. Where legal services require maintenance of an action or proceeding, the attorney in charge shall appear as attorney of record and his name shall appear as such attorney on all legal papers in the action or proceeding, and the name of the corporation may follow in parentheses. 5. Legal services may be rendered to another corporation, association or group insofar as may be necessary primarily for the purpose of promoting the interests of persons eligible as indigent individuals. 6. Petitioner shall not interfere or permit any interference wih the attorney-client relationship, nor shall the petitioner permit nonprofessionals or organizations controlled by nonprofessionals to decide or advise on professional matters or interefere with attorneys in the rendering of legal services. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.

■ In the Matter of WARREN A. COHEN, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Respondent was admitted to the Bar by this court on June 23, 1964. Petitioner moves to confirm the report of the referee which sustained three charges of professional misconduct against respondent, consisting of abusive and intemperate conduct toward two attorneys, a Judge and his wife, threatening the Judge's life and the life of one of the attorneys and his family. The record supports the referee's findings. Moreover, respondent failed to appear at the hearing and has not appeared in opposition to the motion to confirm the referee's report. Accordingly, the motion is granted. While respondent is guilty of professional misconduct of a most serious nature, it appears that the misconduct took place when respondent was under the influence of alcohol. Although respondent was given an opportunity to be heard on the question of punishment, he did not appear before the court. Under all the circumstances, we conclude that respondent should be suspended from the practice of law for a period of two years and thereafter until the further order of the court. Upon any application for reinstatement, respondent shall be required to submit proof that he is physically and mentally capable of engaging in the practice of law. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.