Seymour Schwartz, J.
Plaintiff brings action for an illegal eviction alleging loss of and damage to certain property and mental anguish. Defendant the City of New York (City) before trial conceded that the eviction was illegal, having resulted from *576 a computer error. Pursuant to an agreement between defendants, Schwartz Moving and Storage (Schwartz) is responsible for any breakage or damage and for all loss of property.
The illegal eviction took place on June 1, 1973, having been instigated by the City and carried out by the City’s agent, Schwartz. Plaintiff was permitted to return to his apartment on June 8, 1973, when the bulk of the furniture and property was returned. There was sufficient proof that the following property was not returned or returned in a damaged condition, and that the following losses were incurred:
1. Stereo set $150.00
2. Cassette player 25.00
3. Radio 10.00
4. Wedding rings 40.00
5. Watch and two chains 35.00
Total $260.00
Defendant Schwartz is obligated to assume the burden of compensating plaintiff for this loss pursuant to the agreement made with the City.
There was sufficient proof that plaintiff sustained the following additional damages:
1. Loss of earnings for 4% days at $29.03 per day $130.64
2. Food spoilage in refrigerator 18.00
3. Additional food expenses because of eating in restaurants 55.00
$203.64
Defendant City is responsible for this sum of $203.64.
There was no evidence of the amount of damage sustained by plaintiff resulting from additional rent, if any, because plaintiff and his family used his sister’s home during the one week of the eviction. For this reason treble damages provided in section Y51-11.0 (subd. d, par. [3]) of the Administrative Code of the City of New York is not applicable here.
Plaintiff also seeks damages for mental anguish arising out of the eviction. No one would quarrel that such an experience is traumatic and upsetting with little likelihood that the effect is feigned. However, this court’s research has failed to discover a ease on point in this jurisdiction although other States have recognized that mental and emotional suffering following an illegal eviction is compensable. (Richardson v. Pridmore, 97 *577 Cal. App. 2d 124; Grabowski v. Benzsa, 80 Ind. App. 214; 17 ALR 2d 936, 938.)
Law must resolve conflict -as part of its decision making function and in so doing continues to evolve. If no specific authority is found for a decision then the search must he for the direction of applicable and analogous decisions and for civilized public policy. The court is convinced that the direction of the law makes it appropriate to find such injury compensable. Freedom from mental disturbance is a recognized and protected interest in negligence cases where there has been impact, Ferrara v. Galluchio (5 N Y 2d 16, 21); where there has been no impact, Battalla v. State of New York (10 N Y 2d 237), and where there has been a trespass or an assault, Preiser v. Wielandt (48 App. Div. 569); Adams v. Rivers (11 Barb. 390). The reckless infliction of mental suffering is actionable. (Halio v. Lurie, 15 A D 2d 62; Long v. Beneficial Finance Co., 39 A D 2d 11; Beck v. Libraro, 220 App. Div. 547; Prosser, Torts [3d ed.], § 11; 1 Harper and James, Law of Torts, §§ 9.1 and 9.2.) Where there is the relationship of innkeeper and guest, grossly insulting and abusive conduct is similarly actionable, De Wolf v. Ford (193 N. Y. 397).
The argument that damages for mental and emotional distress arising from an illegal eviction should be compensable is at least as compelling.
When the issue focuses on a person’s right to remain undisturbed in his home we are confronted with the ancient adage that a man’s home is his castle and this court has recently significantly enlarged tenant’s rights. For example, a partial rent abatement has been allowed based on lack of habitability of the premises notwithstanding a tenant’s failure to abandon an apartment. (Jackson v. Rivera, 65 Misc 2d 468; Morbeth Realty Corp. v. Rosenshine, 67 Misc 2d 325.) It is a greater wrong to be illegally evicted from one’s home because this strikes at the security and well being necessary for a humane, rational society.
Plaintiff is awarded $1,000 against defendant City for this element of his cause of action.
Pursuant to section Y51-11.0 (subd. d, par. [3]) plaintiff is entitled to attorney’s fees from defendant City. The Legal Aid Society has diligently represented plaintiff and an attorney’s fee of $350 is awarded.
Judgment for plaintiff against defendant Schwartz for $260 and against defendant City for $1,203.64 and $350 for attorney’s fees.