Bentley Kassal, J.
This is a residential nonpayment summary proceeding in which the tenant interposed a defense and counterclaim for rental "overcharge” pursuant to paragraph (2) of subdivision d of section Y51-11.0 of the Administrative Code of the City of New York. After trial, without jury, I found that the tenant was entitled to a judgment on the counterclaim which included treble damages as to part of the overcharge. (Atamanuk v Wong, NYLJ, Dec 7, 1971, p 18, col 8.)
Tenant has moved, inter alia, for an award of counsel fees to be paid to his counsel, Mobilization for Youth (MFY) Legal Services, Inc., a government funded legal services corporation. *1060 In my opinion, under the circumstances, an award for legal services would be appropriate if tenant had been represented by private counsel in this case.
Issue
The only remaining issue is whether the court may award attorney’s fees in a rent overcharge case where the successful party is represented by a government funded legal services office. While this question has been the subject of scholarly commentary, as well as some judicial determination (see, e.g., Note, Awards of Attorney’s Fees to Legal Aid Offices, 87 Harv L Rev 411 [hereafter Note]; McLaughlin, Recovery of Attorney’s Fees: A New Method of Financing Legal Services, 40 Fordham L Rev 761 [hereafter McLaughlin], and the cases cited therein), it appears that there are no reported decisions in this jurisdiction discussing and resolving this issue. See, however, Lopez v City of New York (78 Misc 2d 575, 577), wherein the court awarded attorney’s fees in a wrongful eviction case to a plaintiif who was represented by the Legal Aid Society, but there was no discussion therein of the underlying authority for such award.
Statutory authority for award
At the outset, it should be noted that the recovery of attorney’s fees in rent overcharge actions is provided by statute, which states: "The landlord shall be liable for reasonable attorney’s fees and costs as determined by the court”. (Administrative Code of City of New York, § Y51-11.0, subd d, par [2]; emphasis added.) (The same section provides for damages, up to three times the actual rental overcharge, with a $25 minimum, when the court determines that the overcharge was willful.)
From the wording of the statute, it appears that the provision for liability for attorney’s fees has two purposes. First, under appropriate circumstances, it serves the same purpose as treble damages in acting as a penalty to deter rental overcharges by landlords. Since the source of the tenant’s legal representation is irrelevant to this purpose, an award of attorney’s fees would appear to be required where the landlord’s conduct warrants it, irrespective of the fact that the tenant is represented by a legal services attorney.
Second, the provision encourages the enforcement of the law *1061 by "private attorneys general.” The leading case for the proposition that attorney’s fees should be awarded in such cases, even where the legal services were rendered without expectation of compensation, is Miller v Amusement Enterprises (426 F2d 534). In that case the plaintiff brought suit under title II of the 1964 Civil Rights Act (42 US Code, §§ 2000a-2000a-6), but the principle would be equally applicable under the facts herein. As the court stated: "What is required is not an obligation to pay attorney fees. Rather what — and all — that is required is the existence of a relationship of attorney and client, a status which exists wholly independently of compensation * * * Congress did not intend that vindication of statutorily guaranteed rights would depend on the rare likelihood of economic resources in the private party (or class members) or the availability of legal assistance from charity — individual, collective or organized.” (Miller v Amusement Enterprises, supra, pp 538-539; footnotes omitted.)
"free” legal services
From the other point of view, of the legal services office providing representation, such services are not, in fact, "free”, although the client is not charged for them. The "cost” is an expenditure of time and effort by a legal services office with limited funds and manpower which results in a decrease in the overall services available to other clients. See, generally, Clark, Legal Services Programs — The Caseload Problem, or How to Avoid Becoming the New Welfare Department (47 J Urban L 797); Silver, Imminent Failure of Legal Services for the Poor: Why and How to Limit Caseload (46 J Urban L 217); Law Unit for Poor Warns of Cutbacks Without New Funds (New York Times, Jan 28, 1975, p 35, col 8 [hereafter Law Unit]); Fox, Deficit Forcing Legal Aid to Reduce Civil Caseload (NYLJ, April 4, 1975, p 1, col 5); Kaiser, Hard Times Add to Legal Aid Load (New York Times, April 14, 1975, p 60, col 1); CALS Lays Cut in Legal Aid to Inadequate Federal Funding (NYLJ, May 12, 1975, p 1, col 6 [hereafter CALS]).
Moreover, "an award of attorney’s fees to the organization providing free legal services indirectly serves the same purpose as an award directly to a fee paying litigant” by encouraging the protection of the indigent litigant’s rights. (Brandenburger v Thompson, 494 F2d 885.)
The fact that the legal services client incurs no actual *1062 expense does not mean that such an award will be a windfall to him, since I am directing that the award of attorney’s fees be paid directly to the legal services office. (See, e.g., Central R. R. v Pettus, 113 US 116, 124-125; Miller v Amusement Enterprises, supra.)
AUTHORITY TO RECEIVE FEES
Finally, there is a question as to whether legal services offices are permitted to receive such fees under the Federal programs funding them or the Appellate Division rules governing their practice. (See, Note, supra, p 422; McLaughlin, supra, p 771.)
The rules of the Appellate Division, First Department, state: "Except as may be specifically authorized by order of the Appellate Division * * * n0 * * * [legal services corporation] shall itself receive or participate in any fee or compensation paid by or on behalf of a client for the rendition of legal services”. (Rules of Practice of the Appellate Division, First Department, 22 NYCRR 608.7 [f].)
The specific Appellate Division order renewing the authority of MFY Legal Services, Inc. (the tenant’s attorney) to operate as a corporation providing legal services states, inter alia: "such attorneys shall not accept contingency fee cases unless it is established after a reasonable effort of referral that a private attorney would not be qualified and willing to accept the case: neither the Corporation nor any of its employees shall receive or participate in any fee or compensation paid by or on behalf of a client for the rendition of legal services” (Matter of MFY Legal Services, App Div, 1st Dept., July 5, 1973; emphasis added).
The above language would appear to prohibit only those fees paid by a client or on behalf of a client by someone else, but not by the opposing party. In this regard, I note that the language employed in a recent order of the Appellate Division, Third Department, removes any ambiguity and clarifies the intent of the grant of authority. That court ordered that: "3. Neither the petitioner [St. Lawrence Legal Assistance Corporation] nor any of its employees shall receive or participate in any fee or compensation paid by or on behalf of a client for the rendition of legal services, except that petitioner may accept counsel fees awarded to it by any court of competent jurisdiction” (Matter of St. Lawrence County Legal Assistance Corp, 44 AD2d 744; emphasis added).
*1063 The emphasized wording in the above paragraph only serves to make clear the power already vested in the legal services agencies; it does not operate to grant such authority since it already exists.
In regard to Federal limitations on such awards, while the OEO Guidelines for Legal Services Programs (as cited in 2 CCH Pov L Rep, par 8700.35) provide that legal services programs should not provide free legal advice in "fee generating” cases, including cases in which a fee provided by statute or administrative rule is sufficient to retain an attorney, neither this guideline nor the Appellate Division’s restriction on "fee generating” cases (Matter of MFY Legal Services, Inc., supra) appears to be a bar under the facts of this case.
As noted previously, MFY Legal Services, Inc., was retained to defend a nonpayment summary proceeding which is not generally a "fee generating” case. It was only after taking the case and investigating the facts, including the records of the office of rent control, that it became clear to the tenant’s attorneys there was a strong likelihood of an overcharge and the possibility of a successful counterclaim for damages. Having accepted the case, investigated the facts and the law, and interposed the defense and counterclaim, the legal services attorneys were obviously not then prohibited from representing their client in what at that point, became a potentially "fee generating” counterclaim. Nor, is it for the trial court to review the original client screening procedures in determining whether to award a fee.
CONCLUSION
By any weighing of the facts, an award of attorney’s fees under these circumstances is appropriate. Clearly, the offending landlord is not being unduly penalized. Rather, he would receive a windfall if he were permitted to escape the payment of such fees merely because the tenant did not have the means to employ a private attorney.
Finally, I note that reductions in funding, from both governmental and private sources, are forcing legal services to further limit their caseloads at a time when the demand for their services is growing. (Law Unit, supra; Fox, supra; Kaiser, supra; CALS, supra.) By obtaining awards of fees such as this, perhaps these offices will be better able to provide such necessary services to others.
*1064 I am, therefore, granting the motion to the extent of setting the matter down for a hearing to determine the amount of reasonable attorney’s fees.