Allen Murray Myers, J.
Queens Legal Services Corporation seeks to recover $520 costs and disbursement in connection with this proceeding under section 217-a of the Judiciary Law (Thompson’s Law).
Section 217-a of the Judiciary Law was enacted in 1973 and amended in 1974. It was enacted as a consumer protection measure and permits the vacatur of default judgments which were obtained by "fraud, misrepresentation, illegality, unconscionability, lack of due service, violations of law, or other illegalities or where such default judgments were obtained in cases in which those defendants would be uniformly entitled to interpose a defense predicated upon but not limited to the foregoing defenses”. The statute provides for various remedies upon vacatur. Individual defendants need not move to vacate their judgments. The court has the power to act on its owm motion and the action is initiated by an administrative Judge or presiding Justice and then disposed of by another Judge (see Practice Commentary to section 217-a of the Judiciary Law by Richard A. Givens, McKinney’s Cons. Laws of NY, Book 29, Cumulative Annual Pocket Part, 1974-1975). This proceeding was based upon allegations of improper service and that T.F.M. Associates, Inc., was not licensed as a sales finance company as required by article 11-B, and more particularly section 492 of the Banking Law. All the investigatory work and the initial legal work were done by the Queens Legal Services Corporation. Reimbursement is sought by Q.L.S.C. for expenses incurred in the preparation for this proceeding which was referred to me and culminated in the vacatur of more than 300 default judgments.
The claim for relief is based on two theories — one—that this *881 case is of the type within the contemplation of CPLR 8303 (subd [a], par 2), to wit: a "difficult or extraordinary case” and two — that it was acting as a "private attorney general” and was therefore entitled to attorney’s fees or at the very least the reimbursement for expenses which it seeks here.
I find that Queens Legal Services Corporation is entitled to reimbursement for its expenses in the sum of $520 to be paid by T.F.M. Associates, Inc., pursuant to the authority of CPLR 8303 (subd [a], par 2).
That section provides:
"(a) Discretionary allowance in action. Whether or not costs have been awarded, the court before which the trial was had, or in which the judgment was entered, on motion, may award: * * *
"2. to any party to a difficult or extraordinary case, where a defense has been interposed, a sum not exceeding five per cent of the sum recovered or claimed, or of the value of the subject matter involved, and not exceeding the sum of three thousand dollars”.
While no written answer was interposed in this proceeding, on the return date, the respondents all appeared and orally controverted the material allegations of the petition. The matter was then settled upon the purported consent of all the respondents. However, prior to the entry of a proposed order, the respondents Max Lubin and T.F.M. appeared by their attorneys, Saxe, Bacon, Bolán and Manley, Roy Cohn, of counsel, and orally put in issue the validity of their consent and the other material allegations of the petition. A hearing was thereafter held to resolve the issues raised by the said defense. This is therefore a case where a "defense has been interposed.”
The statute is worded in the disjunctive and while it is sufficient to find that a case is either difficult or extraordinary (Italian Pub. v Belli, 47 Misc 2d 862; see, also Sterling Optical Co. v University of State of N. Y., 56 Misc 2d 54) I find that the work done by Queens Legal Services Corporation was both difficult and extraordinary. In addition, many of the expenses incurred herein, for which reimbursement is sought, were incurred at the specific instance of Justice Edward Thompson, the Administrative Judge of this court and the petitioner herein.
Queens Legal Services Corporation did the investigative *882 work for this proceeding, searched the judgment rolls to find the cases in which the respondent T.F.M. had entered default judgments, found over 300 such cases, prepared papers; discovered that T.F.M. was unlicensed and expended immeasurable hours of investigative and legal work. In addition, expenses for reproduction of papers, postage fees and the like were incurred. The extensiveness of the work including work under a new statute without established guidelines makes this an obviously "difficult” and "extraordinary” case entitling Queens Legal Services Corporation to reimbursement for costs.
I do not reach the issue of whether attorneys’ fees could be awarded on the theory that Queens Legal Services Corporation acted as a private attorney general because such fees are not sought and that area of the law is still in a great state of flux (see Wyatt v Stickney, 344 F Supp 387; Alyeska Pipeline Co. v Wilderness Soc., 421 US 240, denying counsel fees to counsel for the Wilderness Society, Environmental Defense Fund, Inc., and Friends of the Earth).
In the opinion of this court, in order to effectively implement section 217-a of the Judiciary Law, it is imperative that the law be amended to permit a court, in its discretion, to award counsel fees and reimbursement of expenses to a third party who has rendered valuable services in a proceeding under the section. This case provides a perfect example of this need. Without the services of Queens Legal Services Corporation, the successful conclusion of this proceeding would not have been possible. There is no reason why a court should have to resort to CPLR 8303 (subd [a], par 2) or the common law to award counsel fees and expenses where they are obviously merited. The statute should so provide.