Noah Goldstein, J.
Defendant and third-party plaintiff, by its attorneys, a Brooklyn Legal Services Corporation, brought on this motion to compel answers to be given to interrogatories propounded by them.
The third-party defendants, in the caption called "Counterclaim-Defendants,” served answers to the interrogatories dur *283 ing the pendency of the motion. Brooklyn Legal Services now seeks costs at the rate of $75 an hour for the time and effort expended in drafting the motion papers.
CPLR 8303 (subd [a], par 2) provides for a discretionary allowance in an action "to any party to a difficult or extraordinary case, where a defense has been interposed, a sum not exceeding five per cent of the sum recovered or claimed, or of the value of the subject matter”.
The questions before the court are as follows: (1) Do the circumstances of this case fall within the purview of the cited section in that the costs sought here are only for failure to promptly comply with disclosure requirements rather than after a final disposition of the action? (2) Do the facts of this action, counterclaim and motion constitute a "difficult and extraordinary case”? (3) Should a legal services organization, because and when it is essentially acting as "a private attorney general,” be entitled to legal fees even in the absence of the "extraordinary and difficult” circumstances which are the prerequisite under CPLR 8303?
In recent months there have been a growing number of decisions which have awarded counsel fees to legal services organizations.
In Atamanuk v Kwok Yuin Wong (82 Misc 2d 1059, 1061-1062), the court said, in part: "Moreover, 'an award of attorney’s fees to the organization providing free legal services indirectly serves the same purpose as an award directly to a fee paying litigant’ by encouraging the protection of the indigent litigant’s rights. (Brandenburger v Thompson 494 F2d 885.) The fact that the legal services client incurs no actual expense does not mean that such an award will be a windfall to him, since I am directing that the award of attorney’s fees be paid directly to the legal services office.”
That case, and the great majority of cases where fees have been awarded (cf. Lopez v City of New York, 78 Misc 2d 575) concerned action based on statutes which expressly provided for the payment of attorney’s fees, such as section Y51-11.0 (subd d, par [2]) of the Administrative Code of the City of New York or the 1964 Civil Rights Act.
Those cases have held, and the court is in full agreement, that a legal services organization, by virtue of the fact that it is funded by governmental and other sources and does not look to its own clients for reimbursement, should not be treated with less favor than its counterparts in private prac *284 tice. Although the case at bar is not based on a statute or rule which expressly authorizes attorney’s fees, there is no reason why the same principle should not apply.
This is, originally, an action based on a retail installment contract. The defendant, by Legal Aid, has counterclaimed against the plaintiff and other parties, alleging violation of Federal and State regulations in plaintiff’s and counterclaim-defendants’ entire financing methods and operation. Clearly, therefore, this is a "difficult” and "extraordinary” case, and one in which counsel for the defendant is aggressively pursuing the role of a "private attorney general.”
In Matter of Thompson v T.FM. Assoc. (82 Misc 2d 879, 882) the court refused to award a legal services corporation attorney’s fees on the basis of its activities as a private attorney general on the grounds that "such fees are not sought and that area of the law is still in a great state of flux”.
Although this court believes that "private attorney generals” of this nature should be compensated for their effort by the imposition of costs against a proven offender, it is my belief that costs should not be imposed in the case at bar.
Undoubtedly, should the defendant prevail on its counterclaim it would entitle costs to be imposed against the plaintiff and counterclaim defendants pursuant to CPLR 8303 (subd [a], par 2) and on the basis of the "attorney general” status.
Nevertheless, the instant motion was for an order compelling discovery (CPLR 3124) it is a motion which, unfortunately, is received by the court in scores daily and is usually determined by the issuance of a conditional order (CPLR 3126; Burbell vBurman, 44 Misc 2d 749).
The counterclaim defendant, Z Motors, Inc., has already responded to the interrogatories propounded. To require it to pay costs for its failure to do so timely would be to discriminate against a party because the attorneys in opposition are a legal services organization.
This court believes that "private attorney generals” should be awarded legal fees wherever equitable and proper. Such awards are an incentive to lawyers and organizations to accept and pursue actions and proceedings otherwise avoided by private practitioners and are then a double deterrent to consumer violation or fraud. The court cannot, however, accord a more favorable treatment of a party simply because it is represented by such an entity. Such a procedure would be *285 discriminatory and, in the opinion of the court, violative of due process.
The motion is denied in its entirety.