OPINION OF THE COURT
David Stadtmauer, J.
Plaintiff, appearing pro se, brought suit against defendants for conversion, negligence and harassment. Those causes of action were dismissed but the court, on its own motion, added a cause of action for unlawful eviction.
Mr. Stiles, the plaintiff in the instant action, was employed by the Kolping Society ("Kolping”) as an assistant manager in March, 1977. As part of his employment, he was provided with a room in the defendant’s rooming house. Stiles was later discharged in July, 1978, but was permitted to stay on as a tenant. He paid rent for these lodgings.
In November, 1978, the defendants asked plaintiff to find other accommodations and, in January, 1979, refused to accept the plaintiff’s January rent check.
On January 15, 1979, Stiles left his room at the Kolping Society. Kolping’s manager, Daniel Donovan, then admittedly authorized another employee to break the lock on the door to Stiles’ room, remove all of his belongings to a subbasement and to install a new lock. When Stiles returned the next day, he was denied access to his room.
 When an employee remains in possession for a considerable time after the employee-employer relationship has terminated, a tenancy at will is created. The classic case of Kerrains v People (60 NY 221) advanced this principle in 1875 and the ruling is still valid. Such a tenancy will then require the service of a preliminary notice to quit before the former employee-tenant can be dispossessed by a summary proceeding. (See Rasch, NY Landlord and Tenant [2d ed], § 1072.) Though Stiles was no longer an employee of Kolping at the time of his eviction, he was clearly a tenant, and the defendants were obligated to institute a summary proceeding to remove him.
The fact that the Kolping Society was a rooming house does not alter the relationship between the parties. Section 711 of the Real Property Actions and Proceedings Law provides that an occupant of one or more rooms in a rooming house in a city having a population of one million or more, *1050 who has been in possession for 30 consecutive days or longer is a tenant. The plaintiff resided at the Kolping Society for six months after his discharge, and he is clearly included under this section.
Section 711 further provides that a tenant shall not be removed from possession except in a special proceeding. The purpose of this provision is to create a substantive right in a roomer by prohibiting his eviction except upon a court order following a suitable proceeding. (See Advisory Committee notes to section 711, 1963 Report of NY Law Rev Comm, pp 273, 276.)
The Kolping Society evicted Stiles without a summary proceeding and without a court order. Thus, the defendant was in direct violation of the procedure set forth in the statute. In Bolotnikov v Katz (95 Misc 2d 377) Judge Bentley Kassal held that, though a hotel is not a rooming house under section 711, guests who had occupied single rooms in a hotel for more than 30 days were in fact "tenants” for the purposes of the statute. As such, these guests may be evicted only by means of summary proceedings. There can be no question but that this decision would be applicable to the case at bar.
The plaintiff claims that he suffered mental anguish from the knowledge that his room had been broken into and his possessions removed. There is now ample precedent in several States, including New York, for an award of damages in such an action. (See Lopez v City of New York, 78 Misc 2d 575; Richardson v Pridmore, 97 Cal App 2d 124; Coefficient Foundation v Edwards, 188 SW2d 699 [Tex]; Grabowski v Benzsa, 80 Ind App 214; Ann. 17 ALR2d 938-941.)
Indeed, some courts permit exemplary damages in an instance where the wrongful eviction is malicious and wanton. (See Strauel v Lubeley, 186 Mo App 638; Walterscheid v Crupper, 79 Kan 627.)
This court is of the opinion that so flagrant a wrong as a willful and unlawful eviction deserves redress. The principle of awarding damages for emotional distress is not unknown in New York (see 13 NY Jur, Damages, §§ 121, 122, 126) and the application of such principle to a case where a tenant is unceremoniously evicted from his home is entirely in accord with analogous decisions and "civilized public policy.” (Lopez v City of New York, supra.)
The paucity of evidence prevents the award of damages in *1051 any substantial amount. However, there was sufficient testimony regarding the emotional effect of the eviction upon the plaintiff to justify an award in the sum of $250.
Accordingly, judgment for plaintiff in the sum of $250.