OPINION OF THE COURT

Per Curiam.

Final judgment entered October 2, 1980, after trial, is affirmed, with $25 costs.
Tenant, alleging that he had been forcibly evicted, brought this summary proceeding for, inter alia, restoration to his apartment (RPAPL 721, subd 4). The final judgment herein ordered that tenant be restored to the premises and, in addition, awarded tenant $10,000 punitive damages, $500 for mental distress, and $4,644.98 compensatory damages.
On appeal we are asked to consider whether the court was authorized to grant compensatory and punitive damages in a summary proceeding, where such recovery is not specifically provided for by statute (RPAPL 747), other than in an action for forcible entry or detainer (RPAPL 853). The distinction between this proceeding commenced by an order to show cause and a plenary action, it is argued by landlord, bars the recovery of damages awarded here.
*172 Originally a summary proceeding was held to be a statutory remedy in derogation of the common-law remedy by action, and therefore to be strictly construed (see Beach v McGovern, 41 App Div 381). The technical rules, however, have given way to the position now adopted by the courts that the proceedings “should not be so hypercritically restricted as to destroy the very remedy which they are designed to afford” (Reich v Cochran, 201 NY 450, 455). This rule is particularly appropriate to proceedings under the Real Property Actions and Proceedings Law, “since the trend is continuing towards making the summary proceeding a more simple, expeditious, and inexpensive means for the recovery of real property, when authorized by the statute, than was formerly the case” (2 Rasch, New York Landlord and Tenant [2d ed], § 1001, pp 445-446; see, also, p 446, n 1).
“The rule which has * * * evolved is that with respect to jurisdictional matters the proceeding should be conducted strictly in accordance with the statute, but, once jurisdiction has been obtained, the remedy should be liberally applied.” (2 Rasch, New York Landlord and Tenant [2d ed], § 1001, p 445.)
The Housing Court has been granted power to fashion an appropriate remedy in a summary proceeding whether or not such relief has been originally sought (CCA, § 110, subd [c]).
It is abundantly clear from the record that the landlord’s conduct was willful, wanton and malicious in destroying all of the tenant’s belongings in “recapturing” possession of the apartment. Landlord invaded and looted the tenant’s home. Not only was the ouster of the tenant accomplished illegally, but it was done with a degree of violence and “under circumstances which would naturally inspire fear and lead one to apprehend danger of personal injury if he stood up in defense of his possession”, which constitutes grounds for the statutory remedy of treble damages for forcible entry or detainer (Drinkhouse v Parka Corp., 3 NY2d 82, 91; see, also, Walker v Sheldon, 10 NY2d 401).
An award of punitive damages in such case not only punishes conduct which is morally culpable or actuated by evil and reprehensible motives, but it “serves to deter a *173 wrongdoer and others of like inclination from repetitions of the same or similar actions” (Davis v Williams, 92 Misc 2d 1051, 1054). Landlord not only deprived the tenant of his home, but in the course of forcibly ejecting him, destroyed and discarded all of his belongings. Under these circumstances, it cannot be said that the award of $10,000 punitive damages was unwarranted or excessive (Yates v Kaplan, 75 Misc 2d 259).
“The principle of awarding damages for emotional distress is not unknown in New York (see 13 NY Jur, Damages, §§ 121,122,126) and the application of such principle to a case where a tenant is unceremoniously evicted from his home is entirely in accord with analogous decisions and ‘civilized public policy.’ (Lopez v City of New York, supra, [78 Misc 2d 575].)” (Stiles v Donovan, 100 Misc 2d 1048, 1050.) There is also ample evidence in the record to support Trial Term’s award of compensatory damages for tenant’s complete and devastating loss of property.
Hughes, J. P., Tierney and Sullivan, JJ., concur.