**Robert B. EVANS, et al, Appellants,**

**v.**

**R.M. BRICKER, et al and Dan Morales, Attorney General of the State Of Texas, Appellees.**

No. 09–95–408CV.

Court of Appeals of Texas, Beaumont.

Submitted Dec. 12, 1996.

Decided April 17, 1997.

C.T. Hight, Thomas A. Chambers, Liberty, for appellants.

John W. Vinson, Assistant Attorney General, Charitable Trusts Section, Austin, Mark Morefield, Mark Morefield & Assoc., Liberty, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

In 1986, the Attorney General of the State of Texas filed Cause No. 40,809, a suit in quo warranto on the relation of R.M. Bricker, Willie Ray Davis, Cecil Finley, Jeff Green, Hubert Gressett, Paul Haidusek, Walt Hangriff, Wayne Hardin, J.D. Humber, Paul Humber, B.J. Lunsford, and Douglas Taylor, the alleged directors (referred to throughout the litigation as the "public interest directors") of the Trinity Valley Exposition ("TVE"), against Bobby Evans, Charles Robertson, Cecil Finley[1], Willie Ray Davis, Johnny Remke, David Maxwell, Travis Rankin[2], Jim Dunagan III, and Buck Eckols, (referred to during the litigation as the "private interest directors"), who also claimed to be the directors of the TVE. The suit sought

---

1. The parties do not tell us whether the Cecil Finley named as a plaintiff is the same Cecil Finley named as a defendant. We will assume they are different individuals.

2. Travis Rankin was dropped from the litigation in Plaintiffs' First Amended Petition.

a declaratory judgment determination of the duly authorized directors of TVE and an injunction barring those not duly elected from acting as directors.

Cause No. 40,804 consists of a petition for declaratory judgment filed by TVE through shareholders Diane Miller, Betty Mearns, and Johnny Ager, against the public interest directors, seeking a declaration that the public interest directors were acting unlawfully and an injunction against further action by those directors. In 1987, the court entered an agreed temporary injunction in Cause No. 40,804, authorizing the public interest defendants to conduct TVE's business but restraining them from selling, encumbering, or wasting TVE's property. The trial court consolidated the two suits later that year. In 1993, the trial court abated the proceedings in No. 40,804. No further action was had on the suits until 1994, when the Attorney General filed a motion for summary judgment in Cause No 40,809. The private interest directors' sole point of error contends the trial court erred in granting the Attorney General's motion for summary judgment.

The appellants make the following factual statement in their brief:

The Liberty County Fair Association was organized and incorporated in 1910. The incorporators issued and sold stock, they registered with the Secretary of State and complied with the laws of the State of Texas. The organization re-incorporated in 1930 and again they issued and sold stock, registered with the Secretary of State and complied with the laws of the State of Texas.... [T]he Fair Association, by, through and because of its stockholders/directors, has purchased land, issued more stock, borrowed money, made substantial improvements to the grounds and ... successfully promoted and held [an annual] fair, rodeo and livestock show.... Hundreds of people for over 70 years worked harmoniously toward a common goal. Hundreds of people volunteered thousands of man-hours to help make the Fair work. None were ever paid

nor did any of the shareholders accept a dividend because the stockholders were/are charitable people who do not want any personal gain contrary to the claims of the Attorney General. The fact the Fair owners did not accept dividends and did not follow and comply with the exact letter of the 1960 law should not give rise to a forfeiture of a historical, meaningful, and valuable right: their stock.

We may accept unchallenged factual recitations contained in briefs as being supported by the record. TEX.R.APP. P. 74(f). Appellants do not direct our attention to where in the record these facts may be found, but we will assume they are supported by the record.

The issue on appeal is whether Trinity Valley Exposition is a non-profit, public benefit corporation or a for-profit, private business enterprise. In support of their contention that TVE is a non-profit corporation as a matter of law, the appellees rely upon the Texas Non–Profit Corporation Act of 1959. TEX.REV.CIV. STAT. ANN. art. 1396 (Vernon 1980) [3]. Section 10.04(D) of the Act provided all domestic corporations existing on the effective date of the Act were deemed to have elected to adopt the Act by not voluntarily dissolving. TVE did not voluntarily dissolve prior to September 1, 1961, and re-incorporate as a for-profit corporation.

■ The appellants contend fact issues precluding summary judgment are raised by summary judgment evidence that capital stock was issued by the corporation when it re-incorporated in 1930; articles of amendment filed in 1979 and 1981 to comply with requirements in the Internal Revenue Code are void because, contrary to recitals in the articles, no shareholders' meeting was in fact conducted; and TVE has been charged county ad valorem taxes. Appellants refer to *Coefficient Foundation v. Kennedy*, 188 S.W.2d 694, 698 (Tex.Civ.App.—Fort Worth 1945, no writ), and *Coefficient Foundation v. Edwards*, 188 S.W.2d 699 (Tex.Civ.App.—Fort Worth 1945, no writ), to remind us that a charitable purpose alone does not deter-

---

**3.** Act of May 11, 1959, 56th Leg., R.S., ch. 162, art. 10.04, 1959 Tex. Gen. Laws 286, 328, *amended by* Act of June 14, 1961, 57th Leg., R.S., ch. 302, § 2, 1961 Tex. Gen. Laws 653; Act of June 16, 1993, 73rd Leg., R.S., ch. 733, § 36, 1993 Tex. Gen. Laws 2873, 2891.

mine the non-profit character of the corporation. However, the charitable-purpose rooming house had been operated for profit in *Coefficient Foundation*, while in this case, both appellants and appellees agree the shareholders of TVE did not receive any dividends or personal benefit.

The Non–Profit Corporation Act defines "non-profit" corporation as "a corporation no part of the income of which is distributable to its members, directors, or officers." TEX. REV.CIV. STAT. ANN. art. 1396–1.02(3) (Vernon 1980). Consistent with the cases cited by the parties, the statutory definition is focused upon conduct rather than intent. It is undisputed the shareholders did not receive the income from the operation of the corporation. Affidavits of TVE officers and directors establish the directors and officers did not receive the income from TVE operations either. TVE is a non-profit corporation as defined by the Act, and the Act applies to TVE because it did not dissolve before September 1, 1961.

Appellants argue the stock issued in 1930 is property which cannot be confiscated without due process of law. This argument was not expressly presented to the trial court in appellants' written response to the motion for summary judgment, and may not be considered on appeal as grounds for reversal. TEX.R. CIV. P. 166a(c). *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979). At any rate, we fail to perceive how the shareholders were deprived of their property. The Non–Profit Corporation Act did not void previously issued shares, and the income from the corporation is not distributed to the stockholders.

Finally, appellants complain there is no summary judgment evidence in the record supporting the trial court's award of $12,200 to the Attorney General as attorneys' fees and costs. The trial court may award costs and attorneys' fees in a declaratory judgment action. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). Appellees conceded at oral argument no summary judgment evidence on this issue appears in the record. We may sever and remand as to attorneys' fees only, where the amount of attorneys' fees is not conclusively established by summary judgment evidence. *General Elec. Supply Co., v. Gulf Electroquip, Inc.*, 857 S.W.2d 591, 602 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Pelto Oil Corp. v. CSX Oil & Gas Corp.*, 804 S.W.2d 583, 588 (Tex. App.—Houston [1st Dist.] 1991, writ denied)(citing *Woods Exploration & Producing Co. v. Arkla Equipment Co.*, 528 S.W.2d 568, 571 (Tex.1975)).

The point of error is sustained in part and overruled in part. We sever the issue of attorneys' fees from the cause of action, reverse the award of attorneys' fees, and remand for a determination of attorneys' fees recoverable by the Attorney General. In all other respects, the judgment of the trial court is affirmed.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.